NOLLA, GALIB & CÍA., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, HUMACAO PART, JOSÉ DÁVILA ORTIZ, JUDGE, Respondent; GERÓNIMO LEBRÓN ET AL., Interveners.

No. C-64-55.  Decided June 14, 1966.

*Jorge Souss* and *Federico Rodríguez Pagán* for petitioner. *Emilio Rodríguez Colón* and *José Aulet* for interveners.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

From January 1958 to January 1962 the interveners worked as laborers and employees in the construction industry for petitioner, a contractor for the construction of several

buildings in the Roosevelt Roads Naval Base in Ceiba, Puerto Rico, for the Government of the United States of America.

Alleging that petitioner had not paid in full the wages to which they were entitled, the interveners filed a complaint, according to the special procedure established for said claims, against petitioner in the Superior Court of Puerto Rico, Humacao Part.

Nolla, Galib & Cía. filed a motion for dismissal stating: "(1) According to the pleadings in the record, claimants worked for respondent in the construction of certain buildings in Roosevelt Roads Naval Base, under contract between respondent and the Government of the United States. (2) From a painstaking investigation performed by respondent's attorneys on the different factors involved in the acquisition, by the United States Government, of the lands where the Roosevelt Roads Naval Base is located, respondent has reached the conclusion that this Court lacks jurisdiction over this controversy, it being known that the land on which said naval installation is located is at the present time and was, during the dates involved in the complaint, under the exclusive jurisdiction of the Government of the United States. (3) The acquisition of exclusive jurisdiction by the Government of the United States of America over the land where the Roosevelt Roads Naval Base is located does not only deprive this Court of jurisdiction over this case but it also excludes the Government of the Commonwealth of Puerto Rico and its predecessor, the Government of Puerto Rico, which, as a question of law, was deprived of territorial jurisdiction over the land of said naval stations, which all amounts to the absolute inapplicability of any local legislation to works performed by respondent in Roosevelt Roads during the time referred to in the complaint. (4) Respondent states that today it has come to the conviction that this motion is proper, for which reason the question of jurisdiction, which is now raised for the first time in this litigation, had not

been previously raised; and that respondent also states that this motion is filed in good faith, and not for the purpose of delaying or obstructing the proceedings of this case."

The trial court denied the motion for dismissal and it did so correctly. We are dealing with workers and employees working in a naval base of the United States of America, hired by a contractor of federal works. As such workers and employees of a naval base or military station, they are covered, first, by the Fair Labor Standards Act of 1938 of the Congress of the United States of America, since they are engaged in interstate commerce: *Powell* v. *United States Cartridge Co.*, 339 U.S. 497, 509–514; 94 L.Ed. 1017, 1032–1035 (Burton) (1950); *Mitchell* v. *Lublin McGaughy & Associates*, 358 U.S. 207, 213; 3 L.Ed.2d 243, 248 (Warren) (1959); *Goldberg* v. *Nolla, Galib & Cía.*, 291 F.2d 371, 373 (Magruder) (1961); *Wirtz* v. *R. E. Lee Electric Company*, 339 F.2d 686, 689 (Boreman) (1964); second, by the local laws, whenever the latter are more beneficial than the provisions of the Fair Labor Standards Act of 1938 of the Congress of the United States of America.

As to the court having jurisdiction to entertain this action, it suffices to remember that § 216 of the Fair Labor Standards Act of 1938 authorizes any court with competent jurisdiction, either state or federal: § 216, 29 U.S.C.A. 262, to entertain in the action, *Arthur Goettel et al.* v. *Glenn Berry Mfrs., Inc.*, 236 F.Supp. 884, 885 (Daugherty) (1964).

The writ issued will be annulled and the case remanded to the Superior Court of Puerto Rico, Humacao Part, to proceed with the proceedings in the usual manner.