Richard W. NISWANDER et al., on behalf of themselves and on behalf of other employees similarly situated, Plaintiffs,

v.

PAUL HARDEMAN, INC., and Fischbach and Moore, Inc., et al., a Joint Venture, Defendants.

Civ. No. LR-63-C-117.

United States District Court
E. D. Arkansas, W. D.

Nov. 5, 1963.

John P. Sizemore, Little Rock, Ark., for plaintiffs.

B. S. Clark, Little Rock, Ark., Lightle & Tedder, Ark., Yingling, Henry & Boyett, Searcy, Ark., for defendants.

HENLEY, District Judge.

This is a suit brought by 17 missile site employees of the defendants to recover overtime compensation alleged to be due under the provisions of section 7 of the Fair Labor Standards Act of 1938, as amended and supplemented, 29 U.S. C.A. § 207. The action was commenced in the Circuit Court of White County, Arkansas, and was duly removed to this Court by the defendants. Plaintiffs have filed a motion to remand, which motion has been submitted on written statements as authorized by Local Rule 8 of this Court.

The record does not establish any diversity jurisdiction, and the removal was based solely on the fact that the suit is one arising under the laws of the United States affecting interstate commerce. The motion to remand is based on the construction given to section 16(b) of the Act, 29 U.S.C.A. § 216(b), by the Court of Appeals for this Circuit in Johnson v. Butler Brothers, 8 Cir., 162 F.2d 87, 172 A.L.R. 1157, decided in 1947.

Insofar as here pertinent, section 16(b) of the Act provides that any action brought to recover minimum wages, overtime compensation, liquidated damages, and an attorney's fee "may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." The quoted language seems not to have been changed since the Act was adopted originally in 1938.

In Butler Brothers, supra, the Court of Appeals held that the statutory phrase "may be maintained in any court of competent jurisdiction" meant that the plaintiff in a wage and hour case had the right to select either a State or a federal forum for the prosecution of his action, and that his choice of a State forum could not be defeated by removal to federal court. The view was taken that the quoted phrase gave to a plaintiff not only the right to commence his suit in the State court but also to prosecute it to conclusion there.

This Court is bound, of course, by ruling decisions of the Supreme Court of the United States and of the Court of Appeals for this Circuit. Hence, if Butler Brothers still has vitality, the motion to remand must be granted. Defendants urge, however, that the 1948 revi-

sion of the Judicial Code had the effect of overruling Butler Brothers, with which decision Congress was presumably familiar when it revised the Code.

The right to remove a case commenced in a State court to a federal court is purely statutory. In passing upon the question presented here the Court must consider not only section 16(b) of the Fair Labor Standards Act, but also the language of the removal statute as it is now written, 28 U.S.C.A. § 1441 et seq., and as it was written when Butler Brothers was decided, 28 U.S.C.A., former edition, § 71.

The former removal statute provided, in part, that "Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States * * * of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district." That statute then went on to expressly prohibit the removal to federal court of suits based upon the Federal Employers' Liability Act, and it also prohibited the removal to federal court of suits against common carriers to recover damages for delay, loss of, or injury to property received for transportation under the provisions of 49 U.S.C.A. § 20, unless the amount in controversy was more than $3,000, exclusive of interest and costs.

The portions of the removal statute just mentioned are now covered by 28 U.S.C.A. §§ 1441(a) and (b) and 1445. Those sections are as follows:

"§ 1441. *Actions removable generally*

"(a) *Except as otherwise expressly provided by Act of Congress,* any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. * * * *" (Emphasis added.)

"§ 1445. *Carriers; non-removable actions*

"(a) A civil action in any State court against a railroad or its receivers or trustees, arising under sections 51–60 of Title 45, may not be removed to any district court of the United States.

"(b) A civil action in any State court against a common carrier or its receivers or trustees to recover damages for delay, loss, or injury of shipments, arising under section 20 of Title 49, may not be removed to any district court of the United States unless the matter in controversy exceeds $3,000, exclusive of interest and costs."

In 1A Moore's Federal Practice, 2d Ed., ¶ 0.167(5), p. 962, it is pointed out that a suit under the Fair Labor Standards Act is a suit arising under an Act of Congress regulating commerce and may be brought originally in federal court without regard to the amount in controversy. 28 U.S.C.A. § 1337. And with regard to the removability of such a suit it is said:

"Prior to the Code of 1948 there were conflicting decisions as to whether removal of a state action was prevented by the proviso of the Act that the employee's suit 'may be maintained in any court of competent jurisdiction.' This ambiguous phrase is certainly not an express provision against removal within the meaning of § 1441 of the Code of 1948, and the conflict has apparently been settled in favor of removal."

In support of the above quotation are cited several post-1948 district court decisions holding that wages and hours suits can be removed to federal court.

Carrero Valentin v. M. S. Kaplan Co., D.C., P.R., 161 F.Supp. 754; Buckles v. Morristown Kayo Co., E.D.Tenn., 132 F. Supp. 555; Rossi v. Singer Sewing Machine Co., D.C.Conn., 127 F.Supp. 53; Green v. Fluor Corporation, S.D., N.Y., 122 F.Supp. 224; Asher v. William L. Crow Construction Co., S.D., N.Y., 118 F. Supp. 495; Korell v. Bymart, Inc., E.D., N.Y., 101 F.Supp. 185.

■ Upon consideration the Court finds itself in agreement with Professor Moore that the phrase "may be maintained in any court of competent jurisdiction", appearing in section 16(b) of the Act, does not amount to an express prohibition of removal, and that under the present removal statute a Fair Labor Standards Act case is removable from a State to a federal court.

In view of the fact that under 28 U.S. C.A. § 1441(a), any case within the original jurisdiction of the federal courts may be removed to such a court in the absence of an express prohibition by Congress, and in view of the fact that Congress did not mention suits under the Fair Labor Standards Act in section 1445, which it could have done easily had it desired to prevent the removal of such suits, the Court is of the opinion that if the question were now presented to the Court of Appeals for this Circuit the result that would be reached would be the opposite from that reached in Butler Brothers.

It is quite true, as pointed out by counsel for plaintiff in his reply brief in support of the motion, that there are cases subsequent to the 1948 revision of Title 28 which consider Butler Brothers to be good law today. Rolon v. Flexicore Company of Puerto Rico, Inc., D.C., P.R., 216 F.Supp. 954; Dando v. Stonhard Co., W.D.Mo., 93 F.Supp. 270; Maloy v. Friedman, N.D.Ohio, 80 F.Supp. 290. But, in none of those cases did the Court consider the fact that the removal statute under which Butler Brothers was decided had been amended to read as it does today.

In this connection in Korell v. Bymart, Inc., supra, Judge Byers commented specifically that the opinion in Dando v. Stonhard Co., supra, did not mention the change in the removal statute. Then, after quoting the present statute the Court in Bymart went on to say:

"The foregoing is the deliberate enactment of Congress, presumably adopted with knowledge of what was written, for instance, in Johnson v. Butler Bros., 8 Cir., 1947, 162 F.2d 87, 172 A.L.R. 1157.

"It would probably promote a speedy trial for this plaintiff, and certainly promote the convenience of this Court in moving its calendar, if this motion (to remand) could be granted; if a discretionary power could be discovered in the statute, it would be summoned and exercised as plaintiff asks. Since there is none, it follows that the motion must be denied."

So, in the instant case the motion to remand will be overruled.