Carrie Lee **WILKINS**

v.

**RENAULT SOUTHWEST, INC.**

**Civ. A. No. 3-63-342.**

United States District Court
N. D. Texas,
Dallas Division.

March 19, 1964.

Paul W. Leech, Grand Prairie, Tex., for plaintiff.

Spencer Carver, Dallas, Tex., for defendant.

ESTES, Chief Judge.

This action was originally commenced in the District Court of Dallas County, Texas, seeking recovery of overtime and liquidated damages totaling $3,289.80, and reasonable attorney's fees, under the Federal Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The case was removed under Title 28, § 1441(b).

■ Title 29 U.S.C.A. § 216(b) provides that such actions "may be maintained in any court of competent jurisdiction." The effect of this provision was to confer concurrent jurisdiction on both state and federal courts. Brownsville & Mexico Railway Co. v. Taylor, 266 U.S. 200, 208, 45 S.Ct. 47, 69 L.Ed. 247.

■ The right of a plaintiff to maintain an action under Title 29 U.S.C.A. § 216(b) in a state court may not be defeated by removal of the action to a federal court.

> "In Johnson v. Butler Bros., 162 F.2d 87, 172 A.L.R. 1157, 8th Circuit, the Court held that the right of a plaintiff to maintain an action under Title 29 U.S.C.A. Section 216(b) in a State Court may not be defeated by removal of the action to a Federal Court." Rolon v. Flexicore Company of Puerto Rico, Inc. (D.C.P.R., 1963), 216 F.Supp. 954, 955. To the same effect: Maloy v. Friedman (N.D.O., 1948), 80 F.Supp. 290; Dando v. Standard Co. (D.C.Mo., 1950), 93 F.Supp. 270.

> "It is true, as the Chamberlain opinion pointed out, that the purpose and effect of the 1958 amendment were to reduce congestion in the Federal District Courts partially caused by the large number of civil cases that were being brought under the long-standing $3,000 jurisdictional rule. This effort to reduce District Court congestion followed years of study by the United States

Judicial Conference and the Administrative Office of the United States Courts, as well as by the Congress. To accomplish this purpose the 1958 amendment took several different but related steps." Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 350–51, 81 S.Ct. 1570, 1572, 6 L.Ed.2d 890; National Surety Corporation v. Chamberlain (N.D.Tex., 1957), 171 F.Supp. 591.

Footnote 7 in the Horton opinion cites Senate Report 1830, 85th Congress, Second Session. This Senate report states:

"Congress itself has recognized the inadvisability of permitting removal of cases arising under its own laws which are similar to the workmen's compensation acts of the States. In the Jones Act, the *Fair Labor Standards Act*, and the Railway Employers' Liability Act, all of which are in the nature of workmen's compensation cases, the Congress has given the workman the option of filing his case in either the State court or the Federal court. If filed in the State courts the law prohibits removal to the Federal court. This proposed legislation accomplishes this same purpose and grants the same privilege to workmen who are entitled to compensation under the State workmen's compensation act—that is, the workman has the option to file his case in either the Federal or the State court. If he files in the State court it is not removable to the Federal Court." (Emphasis added). U.S.Code Congressional and Administrative News, 85th Congress, Second Session 1958, Legislative History Vol. 2, p. 3106.

■ While some district courts have held that the 1948 Judicial Code § 1441 (a), authorizing removal "*except* as otherwise *expressly* provided by Act of Congress," reverses the Johnson rule of non-removability,[1] the Senate Report leaves

no room for doubt that the Congress, which creates and delineates the jurisdiction of federal district courts, thought that the Johnson case correctly stated the law when Congress was holding hearings on the jurisdictional amendments of 1958.

■ We agree with the Senate Report that Congress had "*expressly*" provided against removal by the provision of the Fair Labor Standards Act that the employee's suit "may be *maintained* in any court of competent jurisdiction." This was an *express provision* against removal within the meaning of § 1441 of the Code of 1948. In enacting the 1948 amendment, Congress intended to limit—not extend—removability. American Fire & Cas. Co. v. Finn (1951) 341 U.S. 6, 9–10, 71 S.Ct. 534, 95 L.Ed. 702.

When enacting the abridging amendments of 1948 and 1958 Congress was aware that these small cases should not be removable for a very practical reason: removal was an obvious tactic by which the defendant could delay, increase the costs of litigation and harrass the plaintiff. Where the employee commences such a suit in a state court far removed from the nearest federal court the cost of travel and subsistence of the claimant, his witnesses and attorneys, would amount to a denial of the very cause of action conferred by Congress in Section 216(b).

The circumstance that this action might have been originally commenced in the federal district court regardless of the amount in controversy or the citizenship of the parties (28 U.S.C.A. § 1337, "Notes of Decisions" No. 17) does not deprive complainant of his right and option to *maintain his action to final judgment* in a state court of competent jurisdiction, and complainant's right may not be defeated by removal to the federal court. See Brownsville & Mexico Railway Co. v. Taylor, cited in Rolon v. Flexicore Company of Puerto Rico, supra.

---

[1]. Cited in 1A Moore's Federal Practice 962 ¶ 0.167(5) (2d ed. 1961); 1 Barron & Holtzoff, Federal Practice and Procedure

(Wright ed., 1960) 510–511, Sec. 106; Wright, Federal Courts 113, Sec. 38 (1963).

The action having been removed improvidently and without jurisdiction,

It is ordered that this action be remanded to the 160th Judicial District Court, Dallas County, Texas, and that a certified copy of this Order be mailed by the Clerk of this Court to the Clerk of the said District Court of Dallas County, Texas.