Arthur GOETTEL et al., Plaintiffs,

v.

GLENN BERRY MFRS., INC., a corporation, Defendants.

Civ. No. 6069.

United States District Court
N. D. Oklahoma.

Dec. 21, 1964

J. R. Hall, Jr., Miami, Okl., for plaintiffs.

Wallace & Owens, Miami, Okl., for defendants.

DAUGHERTY, District Judge.

Upon consideration of the Motion to Remand filed herein by the plaintiffs and the brief submitted in support thereof and opposition thereto, the Court finds said motion should be denied.

This is an action brought pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216 (b), as amended, hereinafter referred to as the Act, to recover back wages. Such an action under the Act may be brought originally either in State or Federal court by the terms of the Act, to-wit:

"Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees. * * *" 29 U.S.C. § 216(b).

The language there contained gives concurrent jurisdiction to both State and Federal courts. State of Missouri ex rel. St. Louis, Brownsville & Mexico Ry. Co. v. Taylor, 266 U.S. 200, 45 S.Ct. 47, 69 L.Ed. 247. The action may be maintained in Federal courts without regard to diversity of citizenship or the amount in controversy, for the action is one that arises under a law regulating commerce. 28 U.S.C. § 1337.

This action was originally filed in State court by plaintiffs herein and subsequently removed to this Court by the defendants pursuant to 28 U.S.C. § 1441(a), which provides:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The question as to the removability to the Federal Court of an action filed originally in State court under the Act has received varied treatment in many districts, other than this one, and the decisions are apparently deadlocked over the interpretation of statutory language, as

has been so ably pointed out by respective counsel in their briefs. The question has yet to be laid to rest by the Supreme Court of the United States and no decision from this circuit has been brought to the Court's attention. Thus, the matter remains unsettled for this court. It would avail little herein to now enumerate and discuss the various conflicting decisions dealing with this question. The basic problem is one of ascertaining the intent of Congress when both the Fair Labor Standards Act was enacted and the general removal statute, above cited, was amended in 1948.

This Court feels actions as the instant one are removable for the following reasons: The subject matter is such that this Court unquestionably has original jurisdiction and deals with a field in which the Congress has taken a considerable interest. The right sought to be enforced is a federally created one. The Act itself does not prohibit removal (nor does it make any statement for or against removal). The Congress has seen fit to specifically provide against removal of certain other federally created rights, which could be called similar in nature to the present one, and could easily have so provided here. The removal statute relied upon herein, 28 U.S.C. § 1441(a), provides for removal unless Congress has expressly provided otherwise. This statement is clear and the mandate is unequivocal. The language in Section 216(b) of the Act, that an action "may be maintained in any court of competent jurisdiction" is not such an express proviso so as to be deemed by this Court an exception to 28 U.S.C. § 1441(a). Had the Congress intended to prevent removal of this type of action their intent should and would be definitively and clearly stated. While Congressional policy has been to restrict Federal Courts' jurisdiction, the express language of the statute cannot be ignored in determining whether a given case is properly removed from State court. Bradley v. Halliburton Oil Well Cementing Co., D.C., 100 F.Supp. 913.

Thus, though provision has been made in the Act for dual and concurrent jurisdiction between State and Federal courts of actions brought under the Act, such provision does not render the action non-removable. The action falls within that category of cases stated by Congress to be removable at the option of the defendant and no express provision exists prohibiting or inhibiting such removal.

For the foregoing reasons the motion to remand filed herein will be denied.