**Clarence Thomas HILL, Plaintiff,**

v.

**MOSS–AMERICAN, INC., Defendant.**

**No. EC 6967.**

United States District Court,
N. D. Mississippi, E. D.

Feb. 26, 1970.

William Sharp, Corinth, Miss., for plaintiff.

Richard Booth, Aberdeen, Miss., for defendant.

## MEMORANDUM OPINION

KEADY, Chief Judge.

Plaintiff, Clarence Thomas Hill, originally brought action in the Circuit Court of Alcorn County, Mississippi, against his former employer, Moss-American, Inc., a Delaware corporation doing business in Alcorn County, to recover unpaid wages and overtime compensation in the amount of $8,366.80 allegedly owed to plaintiff under the minimum wage and overtime requirements of the Fair Labor Standards (FLS) Act, 29 U.S.C. § 201 et seq.[1] Defendant removed the action to this court pursuant to 28 U.S.C. § 1441,[2] and thereafter answered, denying the allegations of the complaint and pleading the two-year statute of limitations, 29 U.S.C. § 255. Following pre-trial conference, plaintiff moved to remand the action to state court, and after submission of authorities by counsel, plaintiff's motion to remand is now before the court for decision.

Plaintiff contends that since the amount in controversy is less than $10,000, this court is without jurisdiction, either originally or upon removal. This contention is wholly without merit since an action to recover wages under the FLS Act may be maintained in federal courts without regard to the amount in controversy, for the action is one that arises under a law regulating commerce. 28 U.S.C. § 1337, Note 17. Thus there can be no doubt about this court's original jurisdiction, and the case may proceed here unless its removal has been prohibited by Congress.

Ever since the passage in 1938 of the FLS Act, there has been a sharp conflict in federal court decisions regarding the removability of an employee's action for

---

1. 29 U.S.C. § 216 states:

   "(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be *maintained* in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." (Emphasis added.)

2. 28 U.S.C. § 1441 states:

   "(a) *Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

   (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (Emphasis added.)

wages. Prior to 1948, the Eighth Circuit Court of Appeals,[3] and many district courts ruled against removability, principally upon the basis that the words in § 216(b) "maintained in any court of competent jurisdiction" (Fn. 1) meant not merely that state and federal courts have concurrent jurisdiction but also that such actions begun in state court were not removable. On the other hand, there were early district court decisions holding that FLS sections were removable, reasoning that before the court can deny a defendant the right of removal specifically granted to him by federal statute (28 U.S.C. § 1441), there must be a showing of a "clear and unambiguous" intent on the part of Congress to forbid removal, which was deemed to be absent from the FLS Act.[4]

In 1948 Congress amended the general removal statute (formerly 28 U.S.C. § 71) by adding a clause allowing removal "except as otherwise *expressly* provided by Act of Congress." (Fn. 2) (Emphasis added.) Since the addition of that clause, many district courts have held FLS cases to be removable.[5] While seemingly advocating removability, Professor Moore notes that "the courts remain divided on this question."[6]

It would serve little purpose to review the continuing conflict in these decisions since the district courts remain "apparently deadlocked over the interpretation of statutory language",[7] and the choice for us is to apply our own rule, which is not yet settled by precedent within the district or by the Court of Appeals for the Fifth Circuit. No doubt it will require, in the absence of further clarifying legislation, nothing less than a decision by the Supreme Court to resolve the differing views throughout the nation which have arisen primarily from the failure of Congress to sufficiently declare its intent. The present problem is to ascertain what Congress intended by the passage of both FLS Act in 1938 and the amendment to the general removal act in 1948. We do not find any later federal statutes which shed light on this precise inquiry.

It is significant to us that in all other cases of original jurisdiction where Congress has denied removability, it has done so in clear and unmistakable words.[8] Having legislated in various fields of employee-employer activity and having created new rights in many of them, Congress has always unequivocally mani-

---

3. Johnson v. Butler Bros., 162 F.2d 87, 172 A.L.R. 1157 (8 Cir. 1947).

4. A compilation of pre-1948 cases, both opposing and supporting removability, may be found in Annotation at 172 A.L.R. 1157.

5. 1A Moore's Federal Practice 962, citing post-1948 district court cases.

6. 1A Moore (1969 Supp.) at 27. Wright states in 1 Barron & Holtzoff 510, Removal of Cases § 106 (Wright Ed. 1960), that "there is a sharp conflict of decision." The latest debate is featured in the opposing decisions of Niswander v. Hardeman, 223 F.Supp. 74 (E.D.Ark. 1963), upholding removal, and Wilkins v. Renault Southwest, Inc., 227 F.Supp. 647 (N.D.Tex.1964), denying removal. In *Wilkins*, the Court was influenced by certain language in a Senate Committee report to Public L. 85–544 adopted July 25, 1958, which amended 28 U.S.C. § 1445 so as to make state workmen's compensation cases nonremovable. Since neither

§ 1441 nor 29 U.S.C. § 216(b) were brought forward or otherwise affected by the 1958 amendment, this legislative history has no greater force than an oblique reference to an understanding that Jones Act, FLS wages, and FELA cases are not removable.

7. Goettel v. Glenn Berry Mfrs., Inc., 236 F.Supp. 884 (D.C.Okl.1964).

8. Examples of *express* prohibition on removability are certain actions against railroads [28 U.S.C. § 1445(a) and (b)]; actions arising under state workmen's compensation laws [28 U.S.C. § 1445(c)]; seamen's suits under the Jones Act [46 U.S.C. § 688], specifically incorporating the Federal Employers' Liability Act; proceedings for railroad reorganization under § 77(j) of the Bankruptcy Act [11 U.S.C. § 205(j)]; suits by or against a Production Credit Association subject to certain limitations [12 U.S.C. § 1138]; and actions under Securities Act of 1933 [15 U.S.C. § 77v].

fested its purpose if access to federal courts through removal is to be barred.

██ Quite a different situation obtains in the case of FLS Act. No mention of removal is made in the Act itself and no reference is made to it in the general removal or other federal statutes. By the amendatory language of § 1441(a) removal jurisdiction exists in any case of which the federal district court has original jurisdiction except as' otherwise *expressly* provided by Act of Congress. The command of this language is indisputably clear so that nothing short of an express statutory provision may preclude removal. This renders, in our view, irrelevant the correct meaning of the word "maintain" which is susceptible of two possible, reasonable interpretations, either to *commence* or to *prosecute to conclusion,* for neither connotation expressly negatives removal. We must reject a construction of a word or words which would imply a Congressional intent against removal since Congress itself has plainly declared that denial of removal must be "expressly provided".

██ Although we acknowledge that good policy reasons might be advanced for allowing the employee to select the forum for this kind of litigation and prevent delay and possible annoyance by forbidding the employer to remove the action to federal court, we are not persuaded that Congress has yet adopted such legislation, and it is up to Congress, and not this court, to do so. Nor can one fairly categorize FLS actions. Barring removal of FLS cases will shut out controversies involving dollar amounts ranging from quite large to very small, concerning interpretations of an Act of Congress ranging from difficult to routine, between persons who may or may not be of diverse citizenship, in localities where the congestion of trial dockets as between state and federal courts may be great or unremarkable. These and various other considerations must be addressed to Congress which has thus far enunciated a statutory policy of allowing removal unless it clearly and directly

("expressly") provides otherwise. Granting that Congress has indicated a wish in other legislation to reduce the present congestion of federal courts by adopting a policy of limiting federal court jurisdiction in the general field of employee compensation, nevertheless in FLS wage cases it is the prerogative of Congress, and not this court, to foreclose removal.

Motion to remand is denied.