Linda ANTHONY and Andrew F. Anthony, her husband et al., Plaintiffs,

v.

WEST COAST DRUG COMPANY, a corporation, Defendant.

Civ. No. 32–71C2.

United States District Court,
W. D. Washington,
at Seattle.

Oct. 5, 1971.

Houghton, Cluck, Coughlin & Riley, Seattle, Wash., for plaintiffs.

Ben J. Gantt, Jr., William V. Vetter, Graham, McCord, Dunn, Moen, Johnston & Rosenquist, Seattle, Wash., for defendant.

## OPINION

BEEKS, District Judge.

Plaintiffs, alleging unlawful sex discrimination, originally filed this case in

state court to recover unpaid minimum wages under the Fair Labor Standards Act of 1938, as amended. Jurisdiction was based on 29 U.S.C. § 216(b), which provides that such actions "may be maintained in any court of competent jurisdiction * * *." Defendant thereafter removed the case to this court pursuant to 28 U.S.C. § 1441(a), which provides in relevant part that

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant * * * to the district court * * *.

Plaintiffs have moved for a remand to state court on the ground that their suit was based on an express provision by Congress authorizing their suit, not only to be brought, but to be "maintained" in state court. They argue that the word "maintained" means, not merely to commence, but to persevere in or carry on to its conclusion, and that removal would block employees from easy access to the forum of their choice. Defendant replies that "maintained" at the very least is ambiguous, for it can be used to connote the institution of a cause of action, aside and apart from its continuance without interruption. At any rate, argues defendant, the phrase "may be maintained in any court of competent jurisdiction" is permissive only, and is not an express prohibition of removal.

The Court has not been convinced that "may be maintained" as used in 29 U.S C. § 216(b) was intended by Congress to deny the right of removal to federal court. The most persuasive recent opinion to that effect is Hill v. Moss-American, Inc., 309 F.Supp. 1175 (N.D.Miss. 1970). See also Niswander v. Paul Hardeman, Inc., 223 F.Supp. 74 (E.D. Ark.1963); 1A Moore, Federal Practice § 0.167 [5] at 962. The issue in *Hill* was identical to that in this case. The court there concluded that the 1948 amendment to 28 U.S.C. § 1441 [1]

> renders * * * irrelevant the correct meaning of the word "maintain" which is susceptible of two possible, reasonable interpretations, either to *commence* or to *prosecute to conclusion,* for neither connotation expressly negatives removal. We must reject a construction of a word or words which should imply a Congressional intent against removal since Congress itself has plainly declared that denial of removal must be "expressly provided".

Plaintiffs rely heavily on Johnson v. Butler Bros., 162 F.2d 87 (8th Cir. 1947), the only appellate decision called to the court's attention, and Wilkins v. Renault Southwest, Inc., 227 F.Supp. 647 (N.D.Tex.1964). The *Johnson* opinion, however, predates the 1948 amendment to 28 U.S.C. § 1441, and is of questionable authority today. Indeed, at least one district court in the Eighth Circuit has concluded that the *Johnson* case is no longer viable. *Niswander, supra. Wilkins* was erroneously influenced by language in a Senate Committee report on Pub.L. 85–554, amending 28 U.S.C. § 1445.[2] As noted in *Hill,* that amendment affected neither § 1441 nor 29 U.S.C. § 216(b); therefore, the report relied on by *Wilkins* had [3]

---

1. Hill v. Moss-American, Inc., 309 F.Supp. 1175, 1178 (N.D.Miss.1970).

   The amendment to the general removal statute added that removal would be allowed "[e]xcept as otherwise expressly provided by Act of Congress * * *."

2. The report volunteered, without documenting its sources, that

   * * * [i]n the Jones Act, the *Fair Labor Standards Act,* and the Railway Employers' Liability Act, all of which are in the nature of workmen's compensation cases [sic, statutes], the Congress

has given the workman the option of filing his case in either the State court or the Federal court. If filed in the State courts the law prohibits removal to the Federal court. * * *

Wilkins v. Renault Southwest, Inc., 227 F.Supp. 647, 648 (N.D.Tex.1964), quoting U.S.Code Cong. and Adm.News, 85th Cong., Second Sess. 1958, Leg.Hist. v. 2, p. 3106. (Emphasis supplied in *Wilkins.*)

3. Hill v. Moss-American, Inc., *supra,* 309 F.Supp. note 1 at 1177, n. 6.

no greater force than an oblique reference to an understanding that Jones Act, FLS wages, and FELA cases are not removable.

The 1958 report is not an example of an express provision "by Act of Congress" referred to by 28 U.S.C. § 1441(a).

It is reasonable to conclude that, had Congress intended 29 U.S.C. § 216(b) to proscribe removal, it would have specifically said so.[4]

Plaintiffs' motion to remand shall be denied.

---

4. *See, e. g.,* 28 U.S.C. § 1445 (FELA; suits against carriers; state workmen's compensation actions) ; 15 U.S.C. § 77v (Securities Act of 1933) ; 11 U.S.C. § 205(j) (Bankruptcy—Railroad Reorganization) ; 46 U.S.C. § 688 (Jones Act, referring to FELA) ; and 12 U.S.C. § 1138 (Production Credit Ass'ns).