**Mary Ann BARRETT, Plaintiff,**

v.

**McDONALD'S OF OKLAHOMA CITY et al., Defendants.**

**Robert John KOSEC, Plaintiff,**

v.

**McDONALD'S SYSTEMS, INC., an Illinois Corporation, et al., Defendants.**

**Daniel R. SMALLEY et al., Plaintiffs,**

v.

**McDONALD'S SYSTEMS, INC., an Illinois Corporation, et al., Defendants.**

Nos. CIV–75–0929–D, CIV–75–1021–D, CIV–76–0169–D.

United States District Court, W. D. Oklahoma.

June 14, 1976.

Murray Cohen, Otto Pluess, III, Coleman Hayes, Oklahoma City, Okl., for plaintiffs.

Patrick M. Ryan, Douglas R. Herman, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

The three above captioned cases are private actions in which Plaintiffs seek redress from Defendants for alleged violations of the overtime provisions of the Fair Labor Standards Act (FLSA) of 1938 as amended.

(29 U.S.C. § 201 et seq.) All three actions were originally filed in the District Court of Oklahoma County, State of Oklahoma (State Court) and thereafter removed to this Court by Defendants. Plaintiffs have filed Motions to Remand in each action which are supported by Briefs. Defendants have filed Responses to said Motions in the form of Briefs in opposition thereto. Due to common questions of law involved in the Motions to Remand, the Court will consider same as to all cases and this Order shall constitute its ruling in all cases.

At the time the Barrett case was removed, subject matter jurisdiction existed pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship and amount in controversy. The Removal Petition was based on such jurisdiction.[1] Subsequently, Plaintiff Barrett filed her First Amended Complaint in which she added several non-diverse Defendants. She thereafter filed her Motion to Remand urging that a federal question did not exist and further that diversity of citizenship did not exist. Plaintiff Barrett's acts of adding non-diverse parties after her case was properly removed based on diversity jurisdiction does not defeat the subject matter jurisdiction of this Court which existed at the time of removal and cause the case to be remanded. When considering a Motion to Remand, the pleadings as they exist at the time of removal are looked to by the Court. *Barrie Co., Inc. v. Levine*, 390 F.Supp. 475 (S.D.N.Y.1975). Once a case has been properly removed a Plaintiff cannot successfully do anything to defeat federal jurisdiction and force a remand. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Hatridge v. Aetna Casualty & Surety Company*, 415 F.2d 809 (Eighth Cir. 1969). It thus appears that the Barrett case was properly removed to this Court based on the then existing jurisdictional basis that diversity of citizenship and amount in controversy was present and Plaintiff Barrett's Motion to Remand on the basis diversity of citizenship no longer

---

1. The Complaint filed in State Court properly states Federal Court jurisdiction pursuant to 28 U.S.C. § 1337 for a FLSA case.

exists is without merit and said Motion should be overruled. Moreover, the issues to be determined hereafter as to the Kosec and Smalley cases would apply equally to the Barrett case even if diversity of citizenship jurisdiction had not existed at the time of removal.

The basis for Removal for the Kosec and Smalley cases as stated in the Petitions for Removal in same is that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1337 for civil actions pursuant to the FLSA and removal is permissible under the provisions of 28 U.S.C. § 1441(a). Although Plaintiffs raise many irrelevant arguments in their Briefs relating to lack of diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction pursuant to 28 U.S.C. § 1331, they correctly define the issues before this Court in the following statement contained in Plaintiff Kosec's Supplemental Brief:

"The basic issue and the only issue to be decided is whether a suit filed under the FAIR LABOR STANDARDS ACT, Title 29 U.S.C. Section 216(b) in a State Court may be removed to a Federal Court at the will of the Defendant or is the forum the election of the employee Plaintiff.[?]"

Plaintiffs recognize that this Court ruled on this issue in the case of *Goettel v. Glenn Berry Mfrs., Inc.,* 236 F.Supp. 884 (N.D.Okl. 1964) at which time the Court determined that FLSA cases initiated in State Courts could be removed to Federal Courts at the option of a defendant. Plaintiffs urge that this Court should reexamine its holding in *Goettel, supra,* apparently on the basis that it should consider a statement contained in Senate Report 1830 as set out in the case of *Wilkins v. Renault Southwest, Inc.,* 227 F.Supp. 647 (N.D.Tex.1964) which Report appears to contain an erroneous statement that FLSA cases were not removable. It appears to this Court that much of Plain-

tiffs' argument is developed from the *Wilkins, supra,* case.

Defendants rely heavily on the case of *Hill v. Moss-American, Inc.,* 309 F.Supp. 1175 (N.D.Miss.1970) which case contains an excellent discussion concluding that pursuant to 28 U.S.C. § 1441(a) [2] an express provision does not exist which precludes removal of a FLSA case from a state to Federal Court.

Although not involving the FLSA, 28 U.S.C. § 1441(a) was considered in *Beckman v. Graves,* 360 F.2d 148 (Tenth Cir. 1966) wherein now Chief Judge Lewis stated:

"We hold the trial court properly allowed the removal of this action. Section 1365 of the act (7 U.S.C. 1365) vests concurrent jurisdiction in the state and federal courts and where original jurisdiction exists in the federal courts removal is allowed by 28 U.S.C. 1441(a) unless specifically prohibited by act of Congress. See *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. Although the statute gives the farmer (appellant) a choice of forum, it does not guarantee that his choice shall remain undisturbed. And since the Agricultural Adjustment Act does not expressly prohibit removal as it could have done, *Davis v. Joyner,* D.C., 240 F.Supp. 689, this court will not do it by implication or by ignoring the meaning of section 1441."

Plaintiffs herein contend that the provisions of 29 U.S.C. § 216(b) which provides for concurrent state and federal jurisdiction evidences a congressional intent that removal is not permitted. The relevant statutory provision states:

"Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of themselves and other employees similarly situated."

Plaintiffs urge that the language "Action . . . may be maintained" evidences an

---

2. Said statute provides:

"*Except as otherwise expressly provided by Act of Congress,* any civil action brought in a State court of which the district courts of the United States have original jurisdic-

tion, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (Emphasis supplied)

intent same not be subject to removal contending that removal precludes "maintaining" the action in the state Court. The following treatment of said contention by the Court in *Hill v. Moss-American, Inc., supra,* warrants adoption by this Court wherein the Court stated:

"Quite a different situation obtains in the case of FLS Act. No mention of removal is made in the Act itself and no reference is made to it in the general removal or other federal statutes. By the amendatory language of § 1441(a) removal jurisdiction exists in any case of which the federal district court has original jurisdiction except as otherwise *expressly* provided by Act of Congress. The command of this language is indisputably clear so that nothing short of an express statutory provision may preclude removal. This renders, in our view, irrelevant the correct meaning of the word 'maintain' which is susceptible of two possible, reasonable interpretations, either to *commence* or to *prosecute to conclusion,* for neither connotation expressly negatives removal. We must reject a construction of a word or words which would imply a Congressional intent against removal since Congress itself has plainly declared that denial of removal must be 'expressly provided'."

See also, *Anthony v. West Coast Drug Company,* 331 F.Supp. 1279 (W.D.Wash.1971). The rationale developed in *Hill v. Moss-American, supra,* is stated by the textwriter in Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3729 as follows:

"The courts allowing removal have argued that the language in the FLSA permitting actions to be 'maintained' in state or federal court (1) imply only that actions may be commenced in either court, and does not grant a right to prosecute the case to conclusion in the chosen forum, and (2) does not constitute an ex-

press provision prohibiting removal, as is required by the general removal statute, Section 1441(a)."

This Court after considering further development of the law in the almost twelve years since it last considered the issue whether a FLSA case filed in a state Court can be removed to a Federal Court determines that during such period the statutes in question[3] have not been amended and the question remains unresolved by the Supreme Court of the United States or by the Court of Appeals of the Tenth Circuit.[4] It is thus determined that the Court should adopt its holding in *Goettel v. Glenn Berry Mfrs., Inc., supra,* wherein it stated:

"Thus, though provision has been made in the Act for dual and concurrent jurisdiction between State and Federal Courts of actions brought under the Act, such provision does not render the action nonremovable. The action falls within that category of cases stated by Congress to be removable at the option of the defendant and no express provision exists prohibiting or inhibiting such removal."

For the foregoing reasons the Motions to Remand filed by Plaintiffs in each of the three cases herein are denied.

---

**3.** 28 U.S.C. § 1441(a) and 29 U.S.C. § 216(b).

**4.** The Court is unable to find that any Circuit Court has ruled on the question in point since the 1948 amendment to 28 U.S.C. § 1441(a).