**Ernest ROSEMAN, Jr., Individually and on behalf of all others similarly situated, Plaintiff,**

**v.**

**BEST BUY COMPANY, INC., and Best Buy Stores, L.P., Defendants.**

**No. CV401–42.**

United States District Court,
S.D. Georgia,
Savannah Division.

April 16, 2001.

Lloyd Dan Murray of Lloyd D. Murray & Assoc., Pembroke, GA and Brent Savage, Robert Scot Kraeuter of Savage, Turner & Pinson, Savannah, GA, for plaintiff.

Gerald M. Edenfield, Susan Warren Cox of Edenfield, Cox, Bruce & Classens, Statesboro, GA and Charles O. Lentz, Thomas C. Kayser of Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, for defendant.

## ORDER

MOORE, District Judge.

Plaintiff has filed a motion to remand. Defendants have filed a response, claiming that remand is inappropriate. For the following reasons, Plaintiff's motion to remand is **DENIED**.

### Background

Plaintiff filed a complaint in State Court in Chatham County, Georgia, alleging, among other things, that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Defendants removed the case from state court to this Court, asserting that because the FLSA is a federal law, Plaintiff's case is removable to federal court under this Court's federal question jurisdiction as articulated in 28 U.S.C. § 1441.[1] Plaintiff then filed this motion to remand, asserting that FLSA cases are not removable. Defendants have responded in opposition to Plaintiff's motion to remand.

### Analysis

1. *An overview of the dispute*

The question Plaintiff raises regarding the removability of FLSA cases is one which has caused considerable disagreement among the federal courts. Plaintiff

---

1. Though Plaintiff, in its motion to remand, argued that the Court had neither diversity nor federal question jurisdiction, Defendants only address the federal question jurisdiction issue. Thus, the Court regards Plaintiff's assertions regarding diversity jurisdiction as conceded by Defendants, and, as Plaintiff's diversity jurisdiction assertions are rendered moot by the Court's finding that federal question jurisdiction exists, the Court will not address them in this order.

argues that the very language of the FLSA prohibits Defendants from removing FLSA cases filed in state court. The FLSA provides that an action brought to enforce its provisions "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). Plaintiff argues that the use of the words "may be maintained" suggests that FLSA cases are not removable, as this phrase means that a party may maintain the case in the court in which it filed its complaint.

In contrast, Defendants argue that the FLSA, when read in conjunction with 28 U.S.C. § 1441, does not prohibit removal. In relevant part, § 1441 states that any civil action brought in state court, over which jurisdiction would be proper in federal court, can be removed "except as otherwise expressly provided by Act of Congress." Defendants contend that the FLSA's use of the words "may be maintained" is not an express prohibition within the meaning of § 1441.

### 2. *Analysis of the case law.*

As the Court will discuss more fully in part (C) of this section, the Eleventh Circuit has yet to weigh in on the debate regarding whether the FLSA is removable. Therefore, because the Court may not look to controlling case law in the Eleventh Circuit for guidance, the Court instead examines how other federal courts have addressed the issue. After carefully analyzing the arguments various courts have made for and against the FLSA being removable, the Court finds that those courts that have held that FLSA claims are removable are more persuasive.

### A. *The Circuit Courts*

Only two circuit courts have squarely considered the question of whether FLSA claims are removable. One court prohibited removal; one court allowed it. *Compare Johnson v. Butler Bros.*, 162 F.2d 87, 88–90 (8th Cir.1947) (prohibiting removal) *with Cosme Nieves v. Deshler*, 786 F.2d 445, 450–51 (1st Cir.1986) (allowing removal).[2] The *Johnson* Court found that FLSA claims were excepted from the § 1441 removal statute, whereas the *Cosme Nieves* court found that FLSA claims were not excepted. The decision of each court hinged on whether or not it found the word "maintained" meant that FLSA cases are not removable. *See Johnson*, 162 F.2d at 88–90; *Cosme Nieves*, 786 F.2d at 450–51.

However, one important distinction between these two decisions leads this Court to the conclusion that the *Cosme Nieves* court is on more solid legal ground: the *Cosme Nieves* court wrote its opinion in light of a critical Congressional amendment to § 1441, whereas the *Johnson* court did not. In Congress's 1948 amendment of § 1441, Congress added the requirement that in order for a federal law to not be removable to federal court from state court, Congress had to make such a provision *express*.[3] *See Cosme Nieves*, 786

---

**2.** However, the Court notes that two other Circuit courts have suggested in dicta that FLSA claims are removable. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir.1988) (stating that the FLSA is an example of a statute that allows cases to be brought in any court of competent jurisdiction and "contain[s] no limitation on removal, express or otherwise, to bar removal as required under § 1441(a)"); *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 460–61 (5th Cir.1982)

(holding that ADEA actions, which are enforced under the FLSA, are removable, but recognizing the split of authority on the removability of FLSA actions and reserving ruling on that question).

**3.** The Court notes that Black's Law Dictionary defines "express" as "Clearly and unmistakably communicated; directly stated." BLACK'S LAW DICTIONARY 601 (7th ed.1999).

F.2d at 446. However, the *Johnson* court, because it made its decision prior to this critical amendment, did not consider whether the word "maintain" was an express directive of non-removability.

Because of § 1441's revised mandate that non-removability had to be express, the *Cosme Nieves* court reasoned that since the phrase "may be maintained" is "ambiguous" and was "at best . . . suggestive" with regard to removability, it could hardly be considered an express directive from Congress that FLSA cases were not removable. *See id.* In so ruling, the *Cosme Nieves* court was not arguing that the word "maintain" in any court *could not* be interpreted to mean that Congress meant "keep" or "hold." The court simply reasoned that Congress's use of the word "maintain" was not an unambiguous and clear directive, and thus § 1441's mandate that such directives be unambiguous and clear prohibited a finding that FLSA cases are not removable. *See id.*

This Court agrees with the *Cosme Nieves* court's analysis. As Judge Myron Thompson said in his opinion on the matter, "The ambiguity of Congress's use of 'maintain' is self evident." *See Brown v. Sasser*, 128 F.Supp.2d 1345, 1347 (M.D.Ala.2000) (holding that FLSA claims are removable).[4] Thus, because the word "maintain" is ambiguous in the FLSA statute, and because § 1441 mandates that a federal statute is only non-removable if the statute clearly directs such non-removability, FLSA claims are removable to federal court. The Court further believes that had the *Johnson* court in 1947 been faced with the amended § 1441 statute demanding that an express provision be provided to prohibit removability, the *Johnson* court may very well also have also found that the word "maintain" did not offer such an express provision, and would have found FLSA cases removable.

As the *Cosme Nieves* court observed, if Congress meant to expressly provide that FLSA cases were not removable after Congress enacted the amendment to § 1441, it certainly had the power to do so. *See id.* Moreover, since the *Cosme Nieves* ruling was made 38 years after Congress amended § 1441, Congress also had ample time to do so. Finally, the Court observes that when Congress so desires, it is fully capable of expressly providing that claims made under federal laws are not removable from state to federal court. *See, e.g.,* The Securities Act of 1933, 15 U.S.C. § 77v(a) (1982) (". . . no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.").

Thus, because nothing in the text of the FLSA expressly prohibits removal of FLSA claims to federal court, and because Congress has had the time and ability to so expressly prohibit, this Court finds persuasive the *Cosme Nieves* holding that FLSA claims are removable.

**B.   *The District Courts***

The district courts have not been as evenly split as the Circuit courts regarding the FLSA's being removable.[5] Some district courts have found FLSA claims are

---

**4.**   Indeed, the word "maintain" in a legal context has no less than six different meanings. BLACK'S LAW DICTIONARY 964 (7th ed.1999). Two of these meanings are "To continue (something)" and "To assert (a position or opinion)." *Id.* Thus, it is impossible to tell from the statute whether Congress meant "maintain" in the sense that a party may "continue" in case in state court or in the sense that a party may merely initially "as-sert" a position in state court. *See also* 1A MOORE'S FEDERAL PRACTICE para. 0.167[5] at 472 ("This ambiguous phrase is certainly not an express provision against removal. . . .").

**5.**   The Court notes that a district court in the Southern District of Georgia, *Brantley v. Augusta Ice & Coal Co.*, 52 F.Supp. 158, 160 (S.D.Ga.1943), decided that FLSA claims are

not removable.[6] However, the majority of the district courts have found that they are.[7] In the district court cases, the principle rationale for deciding one way or another has hinged on whether the court agreed with the *Johnson* court's reasoning or the *Cosme Nieves* court's reasoning.[8] In other words, courts largely base their decision on whether or not they believe the use of the word "maintain" is sufficient to find that Congress meant to say that FLSA claims are non-removable. As this Court has already observed in part 2(A), it finds that the word "maintain" is too ambiguous to be considered an express provi-

sion by Congress that prohibits removal of FLSA claims. Thus, on this point, the Court sides with the majority of the district courts who found the *Cosme Nieves* opinion persuasive.

However, district courts have also offered various other justifications for finding FLSA claims removable. The Court will now address these arguments, as Plaintiff in this case has raised them.

### 1) *The Legislative History*

Several of the courts that have taken the position that FLSA cases are not remova-

---

not removable. However, first, the Court notes that though this court finds cases from this district persuasive, they are not binding case law. *See Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (holding that case law is only binding on district courts in the Eleventh Circuit when decided by the Eleventh Circuit Court of Appeals). Second, the Court, for the same reasons that it does not find the *Johnson* case persuasive, does not find the *Brantley* case persuasive: it was decided before Congress amended § 1441.

6. *See, e.g., Lopez v. Wal–Mart Stores, Inc.*, 111 F.Supp.2d 865, 867 (S.D.Tex.2000); *Esquivel v. St. Andrews Constr.*, 999 F.Supp. 863, 865 (N.D.Tex.1998); *Lemay v. Budget Rent A Car Systems, Inc.*, 993 F.Supp. 1448, 1451 (M.D.Fla.1997); *Pauly v. Eagle Point Software Co.*, 958 F.Supp. 437, 438–39 (N.D.Iowa 1997); *Courtwright v. Board of Regents*, No. 91–0846–CV–W–3, 1991 WL 255594, at *1 (W.D.Mo.1991); *Wilkins v. Renault Southwest, Inc.*, 227 F.Supp. 647, 647 (N.D.Tex. 1964); *Brantley v. Augusta Ice & Coal Co.*, 52 F.Supp. 158, 160 (S.D.Ga.1943).

7. *See, e.g. Valdivieso v. Atlas Air, Inc.*, 128 F.Supp.2d 1371 (S.D.Fla.2001); *Brown v. Sasser*, 128 F.Supp.2d 1345, 1347 (M.D.Ala. 2000); *Bingham v. Newport News Shipbuilding & Drydock Co.*, 3 F.Supp.2d 691 (E.D.Va. 1998); *Chapman v. 8th Judicial Juvenile Probation Bd.*, 22 F.Supp.2d 583, 584–86 (E.D.Tex.1998); *H & R Block, Ltd. v. Housden*, 24 F.Supp.2d 703, 705 (E.D.Tex.1998); *Lisai v. Chevron Stations, Inc.*, No. Civ. A. 3:97–CV–1288–G, 1997 WL 694705 (N.D.Tex. Nov.4, 1997); *Barrois v. Title*, No. Civ. A. 96–

727, 1996 WL 312063 (E.D.La.1996); *Troutt v. Stavola Bros., Inc.*, No. 4:94CV00417, 1994 WL 773148, at *1–2 (M.D.N.C.1994); *Stephens v. LJ Partners*, 852 F.Supp. 597 (W.D.Tex.1994); *Winebarger v. Logan Aluminum, Inc.*, 839 F.Supp. 17 (W.D.Ky.1993); *Loutfy v. R.R. Donnelley & Sons Co.*, No. 92 C 01660, 1992 WL 97761 (N.D.Ill.1992); *Waldermeyer v. ITT Consumer Financial Corp.*, 767 F.Supp. 989 (E.D.Mo.1991); *Nesbitt v. Bun Basket, Inc.*, 780 F.Supp. 1151 (W.D.Mich.1991); *Waldermeyer v. ITT Consumer Fin. Corp.*, 767 F.Supp. 989, 990 (E.D.Mo.1991); *Jacobson v. Holiday Travel, Inc.*, 110 F.R.D. 424 (D.C.Wis.1986); *Ramos v. H.E. Butt Grocery Co.*, 632 F.Supp. 342 (S.D.Tex.1986); *Cosme Nieves v. Deshler*, 561 F.Supp. 1173 (D.P.R.1983); *Taylor v. Brown*, 461 F.Supp. 559 (E.D.Tenn.1978); *Barrett v. McDonald's of Oklahoma City*, 419 F.Supp. 792 (W.D.Okla.1976); *Anthony v. West Coast Drug Company*, 331 F.Supp. 1279 (W.D.Wash. 1971); *Hill v. Moss–American, Inc.*, 309 F.Supp. 1175 (N.D.Miss.1970); *Niswander v. Paul Hardeman, Inc.*, 223 F.Supp. 74 (E.D.Ark.1963); *Buckles v. Morristown Kayo Co.*, 132 F.Supp. 555 (E.D.Tenn.1955); *Green v. Fluor Corp.*, 122 F.Supp. 224 (S.D.N.Y. 1954); *Rossi v. Singer Sewing Mach. Co.*, 127 F.Supp. 53 (D.Conn.1953); *Asher v. William L. Crow Constr. Co.*, 118 F.Supp. 495 (S.D.N.Y.1953); *Korell v. Bymart, Inc.*, 101 F.Supp. 185 (E.D.N.Y.1951).

8. Compare the cases in note 2, *supra*, which hold that FLSA cases are not removable, with those cases in note 3, *supra* which hold that FLSA cases are removable.

ble have argued that the legislative history bolsters their position, citing to a 1958 Senate Report which they characterize as evidence of the congressional intent that FLSA actions not be removed. *See, e.g., Esquivel,* 999 F.Supp. at 865; *Wilkins,* 227 F.Supp. at 648. That 1958 Senate Report states:

> Congress itself has recognized the inadvisability of permitting removal of cases arising under its own laws which are similar to the workmen's compensation acts of the states. In the Jones Act, the Fair Labor Standards Act, and the Railway Employers' Liability Act, all of which are in the nature of workmen's compensation cases, the Congress has given the workman the option of filing his case in either the state court or the federal court. If filed in the state courts the law prohibits removal to the Federal court.

S.Rep. No. 85–1830 (1958), *reprinted in* 1958 U.S.C.C.A.N. 3099, 3106. The Courts relying on this excerpt have concluded that the report is clear evidence of congressional intent on the non-removability of FLSA claims after the amendment of § 1441. *See, e.g., Esquivel,* 999 F.Supp. at 865.

However, although this quote from the Senate report seems instructive upon a cursory reading, after more careful analysis it becomes significantly less persuasive. First, the Court reiterates that regardless of the legislative history, had Congress wanted to change the language of the statute to explicitly prohibit removal, it certainly has had the time and ability to do so. As the Supreme Court has recently stated in an opinion by Justice Breyer, the best evidence of a statute's meaning is the text itself. *See Geier v. American Honda Motor Co.,* 529 U.S. 861, 895, 120 S.Ct. 1913, 1933, 146 L.Ed.2d 914 (2000) (quoting *CSX Transp., Inc. v. Easterwood,* 507 U.S. 658, 664, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993)).[9] Second, the Court observes that § 1441 authorizes removal "except as otherwise expressly provided by Act of Congress." Thus, the Court cannot find that this one excerpt from the record of one of the houses of Congress could be considered an "Act of Congress" which expressly bars removal of cases brought under the FLSA. *See Brown,* 128

---

9. There are a variety of rationales for relying on the text of a statute rather than legislative history. For an excellent summary of many of the rationales, *see* WILLIAM D. POPKIN, MATERIALS ON LEGISLATION (2d ed.1997). In Professor Popkin's textbook, he argues that there are two principal concerns regarding the use of legislative history as an authority on the meaning of statutes: (1) Reliability and (2) Legitimacy. *See id.* at 406. In an effort to illustrate these concerns, he includes an opinion by Judge Frank H. Easterbrook, a Lecturer in Law at the Law School at the University of Chicago and a Federal Appeals Court Judge of the Seventh Circuit, who makes some compelling observations about the dangers of using legislative history to interpret statutory meaning. Says Easterbrook, "One may say ... that legislative history is a poor guide to legislators' intent because it is written by the staff rather than by members of Congress, because it is often los-

ers' history ("If you can't get your proposal into the bill, at least write the legislative history to make it look as if you'd prevailed"), because it becomes a crutch ("There's no need for us to vote on the amendment if we can write a little legislative history"), because it complicates the task of execution and obedience (neither judges nor those whose conduct is supposed to be influenced by the law can know what to do without delving into legislative recesses, a costly and uncertain process). Often there is so much legislative history that a court can manipulate the meaning of a law by choosing which snippets to emphasize and by putting hypothetical questions-questions to be answered by inferences from speeches rather than by reference to the text, so that great discretion devolves on the (judicial) questioner." *Id.* at 435 (quoting *Matter of Sinclair,* 870 F.2d 1340 (7th Cir. 1989)).

F.Supp.2d at 1347. Third, the context of the Senate hearing was a debate regarding the amount in controversy for federal diversity jurisdiction, not a discussion of either the FLSA or § 1441, and thus was merely a tangential comment regarding the FLSA that had no real relevance to issue at debate. *See Cosme Nieves,* 786 F.2d at 451 n. 18. Fourth, and finally, even if this Senate Report was a discussion on the specific question of whether or not Congress meant "maintain" to indicate that FLSA cases were not removable to federal court, what Congress *might have intended* is not the relevant inquiry. Rather, the relevant inquiry is what Congress *expressly provided.* Because § 1441 demands that non-removability be express, Courts should not ask what the meaning of the statute is; courts should instead ask whether the meaning of the statute is obvious. This Court agrees with other courts that observe that the fact that parties are relegated to finding obscure legislative history in support of their assertion that Congress has expressly provided that FLSA claims are not removable merely underscores the reality that the statute is not express on its face. *See Valdivieso,* 128 F.Supp.2d 1371, 1373; *Chapman,* 22 F.Supp.2d at 586. Thus, for all these reasons, the Court does not find that this quote from the Senate Report can be used to bolster Plaintiff's position.

## 2) The "Surplusage" argument

Some courts have also found that were courts to read the word "maintain" as meaning something other than "continue",

it would reduce Congress's use of the word "maintain" to mere "surplusage." *See, e.g. Brantley,* 52 F.Supp. at 160; *see also Pauly v. Eagle Point Software Co.,* 958 F.Supp. at 438–39 (quoting *Johnson,* 162 F.2d at 89). In other words, the courts are making an age-old argument of statutory interpretation that posits that if interpreting a word in a certain way would rob the term of any meaning on its own by making it redundant, then a court should avoid interpreting the word in that way.

The Court concedes that if the surplusage argument held any force, then that would undermine the Court's position that Congress was not issuing a clear directive. After all, if the only way to avoid redundant and superfluous language in the FLSA statute was to interpret "maintain" to mean "continue," then it would be odd to assert that the language was not clear and direct. However, the Court does not find that interpreting "maintain" to mean something other than "continue" in the relevant statute would have such an effect.

To demonstrate why the Court does not so find, a closer examination of the definition of the word "maintain" is necessary. As mentioned above in footnote 4, Black's Law Dictionary has six different definitions for the word "maintain." *See* BLACK'S LAW DICTIONARY 964 (7th ed.1999). Two of its meanings are (1) "To continue (something)" and (2) "to assert (a position or opinion)." *Id.*[10] The first definition, if used in a sentence as a synonym for "continue," would read something like, "I will maintain my status as a professor even though I will take a year sabbatical." The second definition, if used in a sentence as a synonym for "assert,"[11] might read

**10.** Plaintiff cites *George Moore Ice Cream Co. v. Rose,* 289 U.S. 373, 377, 53 S.Ct. 620, 77 L.Ed. 1265 (1933) for the proposition that the Supreme Court has defined the word "maintain" to mean only "continue." However, Plaintiff's characterization of the case is completely unpersuasive. The Court in that case dealt with the word "maintain" in a wholly different context, and only found that main-

tain "mean[s] no less than to prosecute with effect." *Id.* Thus, though the Court found that "maintain" meant, at the very least, "to prosecute with effect" nowhere did it say that it could only mean "continue," or that it could not have other meanings, such as "assert." *Id.*

**11.** In fact, in Merriam–Webster's dictionary, "assert" is the first word listed as a synonym

something like, "I maintain that Michael Jordan is the greatest basketball player ever." Bearing the various definitions of the word "maintain" in mind, it is then instructive to examine how the word is used in the FLSA context. Title 29 U.S.C. § 216(b) (of the FLSA) states that "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer ... in any Federal or State court of competent jurisdiction ...."

In examining the statute, the Court fails to see how interpreting "maintain" to mean "assert" instead of "continue" would render the word "maintain" in § 216(b) mere surplusage. After all, the statute does not say "brought and maintained" or "asserted and maintained" or "filed and maintained." It says only "maintained." Thus, "maintain" might simply mean "assert," in which case the statute would mean that a party may "assert" a claim in state court even though an opposing party might then remove the case to federal court. Were a Court to find that "maintain" is synonymous with "assert," that would result in no redundancy whatsoever. Thus, because the word "maintain" would not be reduced to surplusage if the word "maintain" were interpreted to mean something other than "continue," Plaintiff cannot argue that the word "maintain" could have only one meaning within the statute. For this reason, in arguing that the surplusage doctrine supports its position that Congress's directives are clear in regard to the FLSA being non-removable, Plaintiff has produced a failing argument.

3) *Policy Arguments Raised by Courts*

In a further effort to bolster its position that FLSA claims are not removable, Plaintiff has also presented policy argu-

ments that various district courts have raised. *See, e.g., Lemay,* 993 F.Supp. 1448 at 1450. Plaintiff claims that removal to federal court causes extra expense for plaintiffs, that state court is a more attractive forum for plaintiffs in wage and hour law cases, and that keeping such cases in state court will help "unclog" federal courts.

However, the Court does not find these arguments justify a finding that FLSA cases are not removable. Even if the policy arguments Plaintiff asserted are based in fact, the Court believes that policy decisions are better left to the legislature for resolution. *See Cosme Nieves,* 786 F.2d at 451 (finding that the "express" requirement in § 1441 trumps the policy arguments both for and against removal). Moreover, the Court observes that regardless of the merits of these policy arguments, Congress and the Courts have often seen fit to find other federal claims are removable to federal court even though the same policy considerations apply. *See, e.g.,* 15 U.S.C. § 1681 (The Fair Credit Reporting Act); *Lockard v. Equifax, Inc.,* 163 F.3d 1259 (11th Cir.1998). Thus, this Court cannot be persuaded by Plaintiff's policy arguments.

C. *The Eleventh Circuit's Opinion*

The Eleventh Circuit has not yet weighed in on this debate. Plaintiff, however, argues that the Eleventh Circuit has implicitly adopted the view that FLSA claims are not removable in discussion of the removability of claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). *See Lockard v. Equifax, Inc.,* 163 F.3d 1259 (11th Cir.1998). *Lockard* holds that FCRA actions are removable, and that the statute does no more than give state courts concurrent jurisdiction.

for "maintain." *See* MERRIAM–WEBSTER'S COLLEGIATE DICTIONARY 702

(10th ed.1998).

*Id.* at 1264–65. In reaching that decision, *Lockard* discussed the split of authority surrounding removal in FLSA actions. *See id.* The Plaintiff places particular emphasis on the Eleventh Circuit's observation that:

> The FLSA states that a plaintiff can "maintain" an action in any other court of competent jurisdiction, whereas the FCRA states that suit "may be brought" in any other court of competent jurisdiction. This minor difference in language translates to more than a minor difference in meaning. A reader may reasonably infer that the word "maintain" arguably implies that an action may not only be initiated but also continued on to judgment. Thus, it is arguable that allowing a plaintiff to "maintain" an FLSA suit in state court is logically inconsistent with allowing the defendant to remove the action to federal court, and that when Congress chose the word "maintain," it intended to create an exception to the removal statute. *Id.*

Plaintiff asserts that because the Eleventh Circuit has stated that it is "arguable" that FLSA actions are non-removable, this Court should find that FLSA claims are not removable. However, the Court does not find this assertion persuasive. First, the Eleventh Circuit's discussion is dicta. The *Lockard* court reached no conclusion, much less a holding, about the removal of FLSA actions. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1315 (11th Cir. 1998) (Carnes, J., concurring) (offering several rationales for the rule that "dicta in our opinions is not binding on anyone for any purpose"). Second, the Court believes that the *Lockard* court's use of the word "arguable" was deliberately ambiguous, so as not to commit to a position on either side of the argument. Third, given that § 1441 requires an express provision to prohibit removal, the fact that the meaning of a statute is "arguable" is enough to cast aspersion on the contention

that it is express. *See Valdivieso*, 128 F.Supp.2d at 1374. Fourth, and finally, the *Lockard* court's observation that the FLSA's language is arguably a prohibition on removal is intended merely to highlight the fact that the FCRA's text is not even arguable. *See id.* Thus, the Court reads the *Lockard* court's dicta as a rhetorical technique to support its decision regarding the FCRA rather than an effort to suggest that FLSA claims should not be removable. For all these reasons, the Court does not find persuasive Plaintiff's argument that the *Lockard* court is leaning towards finding that FLSA claims are not removable.

### Conclusion

For the foregoing reasons, the Court finds that § 1441 and 29 U.S.C. § 216(b) of the FLSA, read together, allow the removal of FLSA actions. Thus, Plaintiff's motion to remand is DENIED.