United States Court of Appeals,

Fifth Circuit.

No. 92-1319.

Donald R. BUCHNER, Laveta Buchner, Janet E. Wiley, Eddie E. Wiley, Vernor E. Bell, and Delores J. Bell, Plaintiffs-Appellees,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity and as Receiver of the First National Bank of Darrouzett, Darrouzett, Texas, Defendants-Appellants.

Jan. 22, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before GOLDBERG, JOLLY, and WIENER, Circuit Judges.

WIENER, Circuit Judge:

This case concerns the authority of a federal district court to remand a federal cause of action to state court. Holding that such a court has no discretionary authority to remand a case over which it has subject matter jurisdiction, we reverse the order of remand in this case.

I.

FACTS AND PROCEEDINGS

The FDIC originally sued Donald R. Buchner, et al. (the Buchners) in Texas state court to collect sums due on obligations to the First National Bank of Darrouzett (the Bank), which was then under the receivership of the FDIC. Counterclaims asserted against the FDIC by the Buchners in that state court were severed from the collection action. As thus severed, those counterclaims form the basis of this appeal.

The FDIC removed the counterclaim portion of this severed case to federal court some four months after the severance. The district court subsequently granted the Buchners' motion for remand because the FDIC's removal was untimely.[1]

---

[1] *See* 28 U.S.C. § 1446(b) (generally requiring that a notice of removal be filed within 30 days of when the action becomes removable); 12 U.S.C. § 1819(b)(2)(B) (generally requiring the FDIC to remove a case within 90 days of when the suit is filed or the FDIC is substituted as a party).

During the months following remand, the parties waged a battle of pleadings in state court. The FDIC's answer to the Buchners' Original Petition asserted that the Buchners' claims sounded in tort and that they had failed to comply with the provisions of the Federal Tort Claims Act (the FTCA).[2] The FDIC also filed a Motion to Dismiss for Lack of Jurisdiction in the state court, alleging that the Buchners' exclusive remedy was the FTCA.

The Buchners responded with their Second Amended Original Petition which included claims for violation of the National Bank Act and violation of the General Order Authorizing Receiver's Sale of Assets and Sale or Compounding of All Bad or Doubtful Debts of the bank (the General Order) previously issued by the federal district court. The FDIC again filed a Motion to Dismiss, based on the exclusive nature of the FTCA.

The Buchners replied with their Third Amended Original Petition, purporting to eliminate all claims governed by the FTCA thereby mooting the Motion to Dismiss. This third amended petition asserted six claims against the FDIC: 1) violation of the National Bank Act; 2) breach of contract with the bank; 3) violation of the Texas Deceptive Trade Practices Act; 4) violation of the Texas Insurance Code; 5) discrimination; and 6) violation of the General Order.

After the state court overruled the FDIC's Motion to Dismiss, the Buchners filed their Fourth Amended Original Petition. It retained all of the causes of action from the Third Amended Original Petition except the Deceptive Trade Practices Act claim.

The Buchners' next state court pleading proved to be the undoing of their efforts to keep the present suit in state court. The FBI apparently had been conducting a criminal investigation of the Buchners in connection with the failure of the Bank. In response, the Buchners sought legal sanctions against FBI Special Agent Baldone and the Dallas office of the FBI. The Buchners did not seek these sanctions in a separate legal action, but instead filed a Motion for Sanctions against these parties in the same state court case, which had begun as a counterclaim and had been severed, removed to federal court, and remanded to state court. Within 30 days of the filing of this sanctions motion,

---

[2]28 U.S.C. §§ 1346(b), 2671-80.

Special Agent Baldone removed the entire case to federal court pursuant to 28 U.S.C. §§ 1442(a)(1)[3] and 1446(b).

The Buchners promptly moved to dismiss their claims against the FBI and Special Agent Baldone and again to remand the case to state court once those parties were dismissed. Without objection from the FDIC, the district court subsequently granted the Buchners' motion to dismiss the FBI and Special Agent Baldone. The FDIC did oppose the motion to remand, however, arguing that the federal district court had no choice but to retain jurisdiction over the case because it involved federal claims and the FDIC was a party. The district court declined to address the merits of the FDIC's claims regarding subject matter jurisdiction "because [the FDIC] waived its right of removal on those bases long ago." The district court first found that it had discretion whether to exercise jurisdiction over the present case or to remand it, and then exercised its jurisdiction by choosing to remand the action to state court. The FDIC timely appealed this order pursuant to its special statutory authority.[4]

II.

ANALYSIS

A. *Effect of Waiver of Right to Remove*

The district court's decision to remand the present case to state court after it had been removed by Special Agent Baldone was based in large part on the concept of waiver. Unquestionably, a party may implicitly waive its right to remove a case by failing timely to file a

---

[3]28 U.S.C. § 1442 reads in part:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

[4]12 U.S.C. § 1819(b)(2)(C) ("Appeal of Remand. The [Federal Deposit Insurance] Corporation may appeal any order of remand entered by any United States district court.").

notice of removal.[5] Likewise, a party may implicitly waive its right to contest the removal of a case on procedural grounds by failing timely to move for remand.[6] Nevertheless, the ability of a party to remove a case and the ability of a court to remand a case that has been properly removed by a party are distinct concepts not necessarily subject to the same rules.

Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver.[7] The authority of a district court to remand a properly removed case is dependent on the nature of the claims which the case comprises and the nature of the district court's jurisdiction over those claims. The fact that the FDIC waived its right to remove the instant case is irrelevant to the determination of whether the case should have or could have been remanded once it had been properly removed by another party who had not waived the right to remove. We must therefore examine the nature of the claims asserted against the FDIC.

*B. Nature of the Buchners' Claims*

The FDIC asserts that each of the Buchners' claims is a federal cause of action, both because each implicates federal law and because the FDIC is a party to the case. Cases in which the FDIC is a party are given a unique status: "Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the [Federal Deposit Insurance] Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States."[8] (The exception of subparagraph (D) is inapplicable to the present case as it only governs actions in which the FDIC is acting as receiver of a state insured depository institution by the exclusive appointment of state authorities.)

The subject matter jurisdiction of a federal district court includes "all civil actions arising

---

[5]*See* 28 U.S.C. § 1446; 12 U.S.C. § 1819(b)(2)(B) (special removal provision for the FDIC).

[6]28 U.S.C. § 1447(c); *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1546 (5th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991).

[7]*E.g. Baris,* 932 F.2d at 1546.

[8]12 U.S.C. § 1819(b)(2)(A).

under the Constitution, laws, or treaties of the United States."[9]  As the FDIC is a party to the Buchners' civil suit, that suit is conclusively presumed to arise under the laws of the United States, and thus is within the original subject matter jurisdiction of the proper federal district court. Consequently, we need not decide whether the Buchners' claims would otherwise implicate federal law and thereby come within the federal district court's subject matter jurisdiction.[10]

*C. Statutory Authority to Remand*

Generally, the remand of a case that has been removed to federal court is governed by statutory provisions found at 28 U.S.C. §§ 1441(c) and 1447(c).  Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [federal question jurisdiction], is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates.

Section 1447(c) provides in part:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Under these two sections, the district court has general authority to remand a case under any of the following circumstances:  1) it has discretion to remand state law claims that were removed along with one or more federal question claims;  2) it must act on a timely motion to remand based on a defect in removal procedure;  and 3) it must remand a case over which it has no subject matter jurisdiction.  No other authority to remand a case is established by statute, but as shall be seen one additional, jurisprudential authority for discretionary remand does exist.

---

[9]28 U.S.C. § 1331.

[10]We are somewhat disconcerted, however, by several of the Buchners' assertions regarding the characterization of their claims.  As one example, the Buchners claim, without citation of supporting authority, that "Plaintiffs' last Amended Petition does not state any claims arising under federal law but seeks relief for violation of the National Bank Act...."

> The Buchners' Fourth Amended Original Petition complains of the FDIC's conduct as a "clear departure from its statutory mandate as set out in 12 U.S.C. § 1818 and 12 U.S.C. § 191."  As this allegation is substantively based on a duty established by federal law, it clearly arises under the laws of the United States.  We strongly caution Buchner against making any such patently inaccurate assertions to this court in the future.

*D. Discretion to Remand*

First, if a case is removed from state court on the basis of federal question jurisdiction and that case also includes state law claims, § 1441(c) allows the district court to decide the entire case or, in its discretion, to remand all matters in which state law predominates. As the FDIC is a party to the present suit, all of the component claims are conclusively deemed to have arisen under federal law. And, as § 1441(c) authorizes the federal district court to remand only those matters in which state law predominates, this discretionary remand provision is inapplicable to the instant action.

Second, § 1447(c) allows a district court to remand a case if the court lacks subject matter jurisdiction over the case, or on timely motion if there is a defect in the removal procedure. As discussed above, the Buchners' claims are treated as arising under federal law; therefore, the district court has original subject matter jurisdiction of this case under 28 U.S.C. § 1331. Moreover, no procedural defect is apparent in Special Agent Baldone's removal; neither did the Buchners move to remand this case for the existence of any such defect. Clearly then, neither of the two bases permitting remand under § 1447(c) have been established in this case.

Third, the plain language of §§ 1441(c) and 1447(c) grants the district court only limited authority to remand a case. As the Supreme Court noted in *Thermtron Products, Inc. v. Hermansdorfer,* "[W]e are not convinced that Congress ever intended to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute."[11] The rule established by *Thermtron* is that a district court exceeds its authority if it remands a case on grounds not expressly permitted by the controlling statute.[12]

In addition to those three statutory grounds for remand, however, the Supreme Court has created one, but only one, exception to the general rule established in *Thermtron.* In *Carnegie-Mellon University v. Cohill,* the Court held that, "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction

---

[11]423 U.S. 336, 351, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976).

[12]*Id.* at 345, 96 S.Ct. at 590.

over the case would be inappropriate."[13]  *Carnegie-Mellon* involved a situation in which all of the federal law claims were dropped by the plaintiff after removal, leaving only pendent state law claims. The Court reasoned that a district court should have discretion to remand a case involving only pendent state law claims because it has discret ion to hear such claims initially.  Consequently, the district court in such a situation should be able to exercise its discretion to decline jurisdiction through remand as well as through dismissal.[14]

We are satisfied that in *Carnegie-Mellon* the Supreme Court intended to establish only a narrow exception to *Thermtron* based on the principles of pendent claim jurisdiction.[15]  The continuing efficacy of the general rule of *Thermtron* was acknowledged by the Court:

> The *Thermtron* decision was a response to a clearly impermissible remand, of a kind very different from that at issue here.  In *Thermtron,* the District Court had no authority to decline to hear the removed case.  The court had diversity jurisdiction over the case, which is not discretionary.  Thus the court could not properly have eliminated the case from its docket, whether by remand or by dismissal.[16]

As with diversity jurisdiction, federal question jurisdiction is not discretionary with the district court.  We find no invitation in the Supreme Court's treatment of the issue in *Carnegie-Mellon* for us to extend the limited exception established in that case to cover the present situation.  We therefore continue to follow the general rule of *Thermtron.*

### III.

### CONCLUSION

Our review of this case has evoked little sympathy for either the FDIC, which filed suit in state court to begin with, or the Buchners, who must now litigate their claims in federal court.  After all, the Buchners alone are responsible for the latest turn of events.  As of the time of the Buchners' Fourth Original Amended Petition, the FDIC had already waived its right to removal.  Consequently, had the Buchners not moved to seek sanctions against Special Agent Baldone, he would not have

---

[13]484 U.S. 343, 357, 108 S.Ct. 614, 623, 98 L.Ed.2d 720 (1988).

[14]*Id.* at 354-56, 108 S.Ct. at 621-22.

[15]*Id.* at 355 n. 11, 108 S.Ct. at 621 n. 11.

[16]*Id.* at 355-56, 108 S.Ct. at 621-22.

removed the case to federal court and the FDIC could not have done so. But, the Buchners chose to amend their petition and, quite properly, Special Agent Baldone chose to remove it.

The case thus having been correctly removed, the district court could only have remanded it under authority of one of the limited number of enumerated grounds for remand, none of which are present in the instant case. The district court has subject matter jurisdiction over all of the Buchners claims against the FDIC by virtue of 12 U.S.C. § 1819(b)(2)(A) and 28 U.S.C. § 1331. Subject matter jurisdiction can neither be conferred nor destroyed by the parties' agreement or waiver. Here the FDIC's earlier waiver of its right to remove the case cannot affect the court's subject matter jurisdiction over the Buchners' claim against the FDIC. Neither is a defect in the removal procedure apparent. Moreover, by their failure timely to move for remand on that basis, the Buchners waived any such defect if one in fact ever existed. As all of the Buchners' claims against the FDIC are treated as arising under the laws of the United States, the district court's subject matter jurisdiction over those claims is mandatory so it has no discretion to remand them to state court. For the foregoing reasons, the district court's order remanding this case to state court is

REVERSED.