**C. Sue STEPHENS, Plaintiff,**

v.

**LJ PARTNERS, Drake Leddy, and Andrew Johnston & Co., Defendants.**

**Civ. A. No. SA–94–CA–204.**

United States District Court, W.D. Texas, San Antonio Division.

May 17, 1994.

Barbara M. Barron, Barron & Newburger, P.C., Austin, TX, Thomas Allen Rasmussen, Barron, Newburger, & Beck, San Antonio, TX, for plaintiff.

Jeffrey A. Goldberg, Foster, Heller & Kilgore, San Antonio, TX, for defendants.

## ORDER DENYING REMAND

PRADO, District Judge.

On this date came on to be considered Plaintiff's Motion for Remand, filed in the above-styled and numbered cause on April 21, 194. After careful consideration of all the papers and pleadings on file, this Court is of the opinion that Plaintiff's motion should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff originally filed this action on March 9, 1994, in 166th Judicial District Court for Bexar County, Texas. Plaintiff alleged that Defendant Drake Leddy included her in a bid submitted by LJ Partners to the Resolution Trust Corporation ("RTC") for a SAMDA contract.[1] Defendant LJ Partners won the contract and Plaintiff was hired as part of the SAMDA team.

Plaintiff alleges that Defendants promised her a compensation package of $3,300 per month plus 35% of three different compensation pools. When Plaintiff received her first paycheck, her monthly pay only amounted to $2,800. Furthermore, when Plaintiff's compensation package was reduced to writing, Plaintiff received only 20% of the compensation pools. Later Defendants sought to eliminate the compensation pools and threatened to fire any employee who objected. In May of 1993, Defendants sought an early termination of Defendant LJ Partners' contracts with the RTC. The RTC sent Defendant LJ Partners a compensation check for $148,-446.20. Defendants offered Plaintiff 8% of

---

1. The record in this case does not disclose the nature and purpose of a SAMDA contract. Inferring from the papers and pleadings on file, the Court concludes that a SAMDA contract concerns property management.

this compensation check instead of the 20% in her written contract. Finally, Plaintiff alleges that she frequently worked in excess of forty hours per week, but she never received any overtime pay.

Based on these factual allegations, Plaintiff brought numerous causes of action. Under state law Plaintiff sought recovery for breach of contract, promissory estoppel, quantum meruit, declaratory relief, fraud, negligent misrepresentation, negligence, conversion, breach of fiduciary duty, and breach of a duty of good faith and fair dealing. Plaintiff also brought a claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 203. Finally, Plaintiff sought a temporary restraining order and temporary injunction prohibiting the wasting of any of Defendant LJ Partners' assets pending final judgment.

Defendants removed this action to this Court on March 14, 1994. Defendants claimed that this Court could have had original subject matter jurisdiction over Plaintiff's claim pursuant to the Fair Labor Standards Act and supplemental jurisdiction over Plaintiff's remaining claims. Plaintiff moved for a remand on April 21, 1994, 38 days after removal. Plaintiff's motion seeks a discretionary remand pursuant to 28 U.S.C. § 1367(c) and 28 U.S.C. § 1441(c) and the case of *Administaff, Inc. v. Kaster,* 799 F.Supp. 685 (W.D.Tex.1992). Alternatively, Plaintiff seeks a remand of her state law causes of action pursuant to 28 U.S.C. § 1441(c). Defendants argue that Plaintiff's motion for remand is untimely and therefore Plaintiff has waived all non-jurisdictional defects in removal.

## THE COURT LACKS DISCRETION TO REMAND FEDERAL CAUSES OF ACTION

■ Because the Court finds that it has no discretion to remand Plaintiff's federal cause of action, the Court does not address whether or not Plaintiff filed a timely motion to remand. The Fifth Circuit recently held that a federal court does not have discretion to remand claims arising under federal question jurisdiction. *Buchner v. Federal Deposit Insurance Corp.,* 981 F.2d 816, 820 (5th Cir. 1993) ("As all of the Buchners' claims against

the FDIC are treated as arising under the laws of the United States, the district court's subject matter jurisdiction over those claims is mandatory so it has no discretion to remand them to state court.") In that case, the Fifth Circuit interpreted 28 U.S.C. § 1441(c), which states:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

The *Buchner* court held that this section does not authorize remand of claims within the district court's original jurisdiction. 981 F.2d at 819; *See also, Kabealo v. Davis,* 829 F.Supp. 923 (S.D. Ohio, 1993) ("This Court concludes that the phrase "matters in which State law predominates" does not authorize the remand of claims arising under federal law which are properly removed and which fall within the district court's subject matter jurisdiction.")

■ The *Buchner* Court further found the Supreme Court decision in *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), did not authorize remand for causes of action properly within the district court's federal question jurisdiction. 981 F.2d at 820 ("As with diversity jurisdiction, federal question jurisdiction is not discretionary with the district court. We find no invitation in the Supreme Court's treatment of the issue in *Carnegie–Mellon* for us to extend the limited exception established in that case to cover the present situation.") The Supreme Court explained the scope of its decision in *Carnegie–Mellon:*

The question before us is whether a federal district court has discretion under the doctrine of pendant jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendant state-law claims remain.

484 U.S. at 345, 108 S.Ct. at 616. Accordingly, *Carnegie–Mellon* does not apply in situa-

tions where the district court still has jurisdiction over federal causes of action. *Buchner*, 981 F.2d at 820; *Kabealo*, 829 F.Supp. 923.

The court's decision in *Administaff, Inc. v. Kaster*, 799 F.Supp. 685 (W.D.Tex.1992), must be read in the light of the *Buchner* decision. In *Administaff*, the court adopted the broad reading of *Carnegie–Mellon* which has since been rejected by the Fifth Circuit. 799 F.Supp. at 689. The *Administaff* decision also rested on a reading of § 1441(c) which has been rejected by the *Buchner* Court. In *Administaff*, the court wrote:

> Now that Section 1441(c) authorizes remand of an entire case, and not just the pendant state claims, it lends even stronger support to the authority of a court to remand an entire case when a court could otherwise decline to exercise supplemental jurisdiction under *Cohill* or section 1367(c) where, as in this case, state law claims predominate and novel issues of state law are involved.

799 F.Supp. at 689. As discussed above, the *Buchner* Court found that neither § 1441(c) nor *Carnegie–Mellon* allowed remand of federal causes of action.

■ Furthermore, the Court concludes that 28 U.S.C. § 1367(c) does not authorize remand of federal causes of action. That section states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if
>
> (1) the claim raises a novel or complex issue of state law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

This section, by its own terms, applies only to claims over which the Court has supplemental jurisdiction. Because this Court must exercise federal question jurisdiction, *Bu-*

*chner*, 981 F.2d at 820, the Court concludes that § 1367(c) does not authorize remand of any claims within the original jurisdiction of the Court.

Although Plaintiff's state law causes of action may substantially predominate over Plaintiff's federal causes of action, the Court may not remand this case because Defendants properly removed this case to federal court. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's Fair Labor Standards Act cause of action and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state law causes of action. The Court therefore has removal jurisdiction over all of Plaintiff's claims pursuant to 28 U.S.C. § 1441(a) & (b). Although this Court could within its discretion remand Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367(c) and the doctrine announced in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), those authorities do not authorize this Court to remand Plaintiff's federal cause of action.

■ At this point, the Court will not exercise its discretion and remand Plaintiff's state law causes of action. Resolution of Plaintiff's Fair Labor Standards Act cause of action requires this Court to adjudicate many of the issues in Plaintiff's state law causes of action: that is what were the terms of her employment and compensation. Remand of the state causes of action would not promote economy, convenience, or fairness. Therefore, this Court declines to grant Plaintiff a discretionary remand of her state causes of action.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Remand is DENIED.