**Sandy L. McGILVRAY, Plaintiff,**

v.

**HALLMARK FINANCIAL GROUP, INC., d/b/a Checkcare Systems, and Blockbuster Videos, Inc., Defendants.**

**Civ. A. No. 2:95CV355.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 6, 1995.

Samuel Robbins Brown, II, Virginia Beach, VA, for Sandy L. McGilvray.

John Yeardley Pearson, Jr., Willcox & Savage, Norfolk, VA, Rebecca Lynn Deloria, Willcox & Savage, Norfolk, VA, for Hallmark Financial Group, Inc.

Richard Joshua Cromwell, McGuire, Woods, Battle & Boothe, Norfolk, VA, Fred Bradford Stillman, McGuire, Woods, Battle & Boothe, Norfolk, VA, for Blockbuster Videos, Inc.

## ORDER

DOUMAR, District Judge.

Presently before the court is the plaintiff's motion to remand this action to the Circuit Court for the City of Virginia Beach, Virginia. For the reasons which follow, the court will DENY the motion.

### I. Factual and Procedural Background

The plaintiff commenced this action on March 16, 1995, by filing a Motion for Judgment ("the complaint") in the state court noted above. Plaintiff was a customer of defendant Blockbuster Videos, who purchased several videos from Blockbuster on November 14, 1993. The check used to pay for the items was returned for insufficient funds. Plaintiff alleges that she paid off the account in full in cash on December 10, 1993. Plaintiff claims that defendants Checkcare Systems (who is Blockbuster's agent for the collection of bad checks) and Blockbuster proceeded to wrongfully collect a debt that was no longer legally owed. Eventually Checkcare filed a warrant in debt and obtained a judgment in the amount of $291.84 on June 15, 1994 in the General District Court of the City of Virginia Beach, Virginia. A garnishment of $347.36 was subsequently

filed against the plaintiff's bank account on February 2, 1995.

Plaintiff's complaint contains three counts. The first count alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). The FDCPA is, of course, a federal statute. Only defendant Checkcare is named in Count I. Count II alleges a state law cause of action for intentional infliction of emotional distress. Count III alleges a state law cause of action for abuse of process. The state law causes of action are against both defendants.

On April 14, 1995, defendant Checkcare removed the case to this court. The notice of removal stated that the cause was properly removable pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. The plaintiff filed a motion to remand on May 5, 1995. Briefing on the question of remand followed. Defendant Blockbuster joined in Checkcare's removal of the case on May 26, 1995. No oral argument was requested and the motion for remand is ripe for decision.

## II. Legal Analysis

Plaintiff essentially makes two arguments for remand. The first is that the FDCPA statute explicitly sanctions the bringing of her action in state court. The second is that this court should apply 28 U.S.C. § 1441(c) to remand the entire case to state court because the state law issues predominate. The court finds neither argument persuasive.

### A. Concurrent Jurisdiction Issue

The FDCPA's jurisdictional subsection states that "An action to enforce any liability created by this title may be brought in any appropriate United States district court ... or in any other court of competent jurisdiction...." 15 U.S.C. § 1692k(d). While it is clear that this provision explicitly empowers plaintiffs to bring FDCPA claims in state court and acknowledges the jurisdiction of state courts to hear claims brought under this federal statute, this provision does not address the power of defendants to remove cases containing such claims on the face of the complaint to federal court.

This precise jurisdictional issue under the FDCPA has not apparently been analyzed in current case law. However, the Fair Credit Reporting Act ("FCRA"), 28 U.S.C. § 1681 *et seq.*, part of the same consumer protection legislation as the FDCPA, contains an essentially identical grant of concurrent federal-state jurisdiction. *See* 15 U.S.C. § 1681p. Under that Act, the majority of courts recently considering the issue of whether Congress intended to forestall removal of such cases by this language have decided in the negative. *See Broom v. TRW Credit Data,* 732 F.Supp. 66 (E.D.Mich.1990); *Sicinski v. Reliance Funding Corp.,* 461 F.Supp. 649 (S.D.N.Y.1978); *Haun v. Retail Credit Corp.,* 420 F.Supp. 859 (W.D.Pa.1976); *see also Duff v. C.S.C. Credit Servs.,* 1993 WL 218852 (W.D.Mo., May 27 1993) (unpublished). An earlier court, in *Ruth v. Westinghouse Credit Co.,* 373 F.Supp. 468 (W.D.Okla.1974), had analogized to the holding of some early courts in Fair Labor Standards Act ("FLSA") cases that the explicit grant of concurrent jurisdiction in that statute was intended to restrict removal by defendants. The *Ruth* court then held that FCRA cases brought in state courts cannot be removed to federal court. As the court in *Haun* noted, however, the language used in the FLSA is that a suit may be "maintained" in any court of competent jurisdiction, which connotes more than merely "bringing" the claim in such court in the first instance. *Haun,* 420 F.Supp. at 862. Even with actions under the FLSA, moreover, the modern trend is to permit defendants to remove the cases to federal court. *See Cosme Nieves v. Deshler,* 786 F.2d 445, 450–51 (1st Cir.), *cert. denied,* 479 U.S. 824, 107 S.Ct. 96, 93 L.Ed.2d 47 (1986). This is the first circuit court to address this issue since the 1948 amendments to the removal statute. It held that FSLA actions are removable to federal court, indicating that Congress has made it clear that the right of removal stands absent express provision to the contrary. *See also generally Dorsey v. City of Detroit,* 858 F.2d 338, 341 (6th Cir.1988) ("The weight of judicial authority supports the conclusion that 'a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited.'") (quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3729, at 495 (1985)). Accord-

ingly, because there is no statutory provision that bars removal in a case brought pursuant to the FDCPA, defendant Checkcare properly removed the case to this court.

### B. Plaintiff's Argument Under 28 U.S.C. § 1441(c)

Section 1441(c) now reads:

Whenever a separate and independent claim or cause of action within the jurisdiction [of § 1331] of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issue therein, or, in its discretion, may remand all matters in which State law dominates.

Plaintiff's memoranda cites only the latter part of this provision, that is, the portion enabling a district court in its discretion to "remand all matters in which State law dominates." Plaintiff contends that her entire case should be remanded because state law predominates. A few courts have similarly read § 1441(c). *See e.g., Moore v. DeBiase,* 766 F.Supp. 1311 (D.N.J.1991); *Holland v. World Omni Leasing, Inc.,* 764 F.Supp. 1442 (N.D.Ala.1991); *Martin v. Drummond Coal Co.,* 756 F.Supp. 524 (N.D.Ala.1991).

However, as pointed out in the only circuit court case to consider the issue, these district courts have ignored the requirement found at the beginning of 1441(c), that is, that 1441(c) cannot apply unless the state law claims are "separate and independent" from the federal claims. *See Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 785–87 (3d Cir.1995). The *Lancaster* court noted that under the Supreme Court's decision in *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), where there is a single injury to plaintiff for which relief is sought, arising from an interrelated series of events or transactions, there is no separate or independent claim or cause of action under 1441(c). The plaintiff has moved that the entire case be remanded and not any part or portion thereof. Moreover, the plaintiff's federal and state claims in this case all derive from a single insufficient funds check which was allegedly repaid but then wrongfully collected anyway by defendants. It is clear that the plaintiff's claims are inextricably interwoven and interdependent and that is proba-

bly why they are alleged together. Under the *Finn* definition, there are no "separate and independent" claims for purposes of a 1441(c) remand. *See also Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 354, 108 S.Ct. 614, 621, 98 L.Ed.2d 720 (1988) (pendent claims deriving from a common nucleus of operative fact are not "separate and independent" under § 1441(c)); *Lancaster,* 45 F.3d at 787 (explicitly rejecting the *Moore v. DeBiase* line of cases and holding that the district court's discretion to remand under 1441(c) can pertain only to those state law claims which are separate and independent); *Kabealo v. Davis,* 829 F.Supp. 923 (S.D.Ohio 1993) (same). Because there are no separate and independent state law claims in this case, § 1441(c) does not apply. Although this court is of the opinion that cases such as this perhaps should be heard in state courts, the language of § 1441(c) in its entirety does not support the plaintiff's motion and argument that this court can exercise its discretion to remand the entire case, including the federal claims, back to state court.

### III. Conclusion

For the foregoing reasons, plaintiff's motion for remand is DENIED.

IT IS SO ORDERED.