Glenn **PAULY**, Richard Libansky, and Jennifer Romagna, individually and as representatives of a class consisting of former or present hourly sales employees of Eagle Point Software Co., Inc., Plaintiffs,

v.

**EAGLE POINT SOFTWARE CO., INC., Defendant.**

Civil No. C96–1053 MJM.

United States District Court, N.D. Iowa, Eastern Division.

April 8, 1997.

Joseph J. Bitter, Dubuque, IA, for Plaintiffs.

Mark L. Zaiger, Shuttleworth & Ingersoll, P.C., Cedar Rapids, IA, Denis D. Faber, Jr., Denis D. Faber, Jr., P.C., Dubuque, IA, for Defendant.

*Memorandum Opinion and Order on Plaintiffs' Motion to Remand*

MELLOY, Chief Judge.

### I. Introduction

In *Johnson v. Butler Bros.*, 162 F.2d 87 (1947), the Eighth Circuit held that Congress intended to preclude the removal of cases arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* from state into federal court. In this FLSA case, the defendant, Eagle Point, removed this case from state court. Citing *Johnson*, the plaintiffs objected to the removal and have moved to remand this case back to the state court. Eagle Point resists the remand, arguing that *Johnson* has been undone by Congress's post–1947 amendment of the general federal removal statute, 28 U.S.C. § 1441(a). In that amendment, Congress made clear that, "except as otherwise expressly provided by Act of Congress," removal was proper in "any civil action [within the scope of federal jurisdiction]." *See* 28 U.S.C. § 1441(a). Since the Johnson court had said that Congress's intent to preclude the removal of FLSA cases was not "clearly and accurately [ ] express[ed]" in the text of the FLSA, *see* 162 F.2d at 89, Eagle Point concludes that the FLSA fails the "expressly provided" test of § 1441(a), and therefore that FLSA cases are removable.

### II. Discussion

The Supreme Court has held that "the touchstone of the federal district court's removal jurisdiction is . . . the intent of Congress[.]" *Metropolitan Life Insurance Co. v. General Motors Corp.*, 481 U.S. 58, 66, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987). The Eighth Circuit in *Johnson* determined Congress's intent with respect to this Court's removal jurisdiction over FLSA cases. The *Johnson* court held that "Congress intended . . . that [FLSA] cases . . . should not be subject to removal[.]" 162 F.2d at 89. Since *Johnson* has never been overruled by the Eight Circuit, this Court is bound by that interpretation of this Court's removal jurisdiction over FLSA cases. *Cf. U.S. v. Sung*, 87 F.3d 194, 196 (7th Cir.1996).

Eagle Point notes that at least one and possibly two circuits have rejected the *Johnson* decision. See *Cosme Nieves v. Deshler*, 786 F.2d 445 (1st Cir.1986); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir.1988)(dicta). It is not for this Court, however, to remedy a circuit split by overruling a decision of the Eight Circuit. Such a procedure would be especially inappropriate here, where the commentators and the courts are split over whether the Eighth Circuit properly interpreted the FLSA. See, e.g., 14A Wright, Miller, & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3729, pp. 495—496 (West 1985)(noting split and collecting cases).

Eagle Point alternatively argues that the Eighth Circuit was not incorrect as an initial matter when it decided *Johnson*, but that Congress's post–1947 amendment of § 1441(a) removed the analytical underpinnings from the *Johnson* decision. Section 1441(a) now provides that removal is precluded only when Congress has "expressly provided" that a case cannot be removed. Eagle Point argues the analysis used by the *Johnson* court—noting an ambiguity in the text of the FLSA, and then construing that ambiguity against removal jurisdiction—is no longer appropriate.

That argument does have some force. It cannot overcome the more fundamental point, however, that the *Johnson* court is-

sued an express *holding* on the question of Congress's intent under the FLSA. That holding was not an unreasoned choice between two equally plausible interpretations of the FLSA. Indeed, the *Johnson* court adverted to a venerable rule of statutory construction when it noted that "[i]f Congress [did not intend to preclude removal], the words 'may be maintained in any court of competent jurisdiction' merely state a truism and are surplusage." 162 F.2d at 89; *see also U.S. v. Nordic Village, Inc.,* 503 U.S. 30, 36, 112 S.Ct. 1011, 1016, 117 L.Ed.2d 181 (1992); *Oberstar v. F.D.I.C.,* 987 F.2d 494 (8th Cir. 1993); *Sutherland Sta. Const.* § 46.06 (5th Ed.1993).

It is true that since the decision in *Johnson,* the majority of district courts, and the only circuit courts which have addressed the removal issue, have concluded that *Johnson* is no longer a good authority in light of the 1948 amendment to § 1441(a). However, this court continues to believe that it is controlling precedent in this circuit unless and until the Court of Appeals rules otherwise. Given the split of authority, this Court cannot conclude that there has been a clear and unequivocal statutory override of the *Johnson* case which would allow the undersigned to disregard clear precedent from the Eighth Circuit Court of Appeals.

Defendant cites to a Missouri case in which the court denied a motion to remand a FLSA case which had been removed to federal court. *See Waldermeyer v. ITT Consumer Financial Corp.,* 767 F.Supp. 989 (E.D.Mo. 1991). With all due respect to the Missouri court, however, a reading of that case shows that there is no reference to the holding in *Johnson,* nor any discussion as to why the *Johnson* case is no longer good authority. In addition, another case issued the same year from the Western District of Missouri reached the opposite conclusion. In *Courtwright v. The Board of Regents of Central Missouri State University.,* 30 Wage and Hour Cas. (BNA) 1255, 1991 WL 255594 (W.D.Mo.1991), Judge Hunter discussed the argument made by Eagle Point in this case and concluded that *Johnson* remains controlling precedent, and that the subsequent

amendment to 28 U.S.C. § 1441 did not negate the holding in *Johnson.*

This Court finds that the decision in *Johnson* controls its determination of the plaintiffs' motion to remand, despite the amendment of § 1441(a). Accordingly, this case will be remanded to the Iowa District Court In and For Dubuque County.

### III. Conclusion

For the foregoing reasons, plaintiff's motion to remand is GRANTED. The Clerk is directed to return this case to the Iowa District Court In and For Dubuque County.