114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
KIM TAE SUNG, Defendant-Appellant.
 No. 96-3001.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 11, 1997.*
Decided April 17, 1997.
 
 Before COFFEY, FLAUM and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 For a third time, Kim Tae Sung appeals from the sentence imposed in this criminal prosecution.
 
 
 2
 On the first appeal we affirmed the conviction but remanded with directions for the reconsideration of both imprisonment and restitution. 51 F.3d 92 (7th Cir.1995). The district court reimposed an identical sentence for the same reason he had imposed the original sentence. Again we reversed, holding that the judge had failed to follow our instructions. 87 F.3d 194 (7th Cir.1996). We held that a sentence exceeding 41 months' imprisonment could not be reconciled with the Sentencing Guidelines. This second remand concerned only the length of imprisonment, because Kim had not appealed the order to pay restitution of $2,160.
 
 
 3
 On remand, the judge imposed a 41-month sentence, after a proceeding marked by excoriating criticism from the bench of defendant, defendant's lawyer, the prosecutor, and this court. A mild version of these views appears in an opinion filed the same day. 940 F.Supp. 172 (N.D.Ill.1996). In addition to reducing Kim's term of imprisonment according to our directions, the judge increased Kim's restitution obligation from $2,160 to $136,000. The judge did not explain this step--which the prosecutor had not requested--other than to say that he wanted to reevaluate the appropriate amount of restitution in six months and therefore imposed a large award "in the meantime". Kim again appeals, arguing that the order violates not only this court's mandate but also the due process clause of the Constitution, under the holding of North Carolina v. Pearce, 395 U.S. 711 (1969).
 
 
 4
 Commendably, the prosecutor has confessed error. The district court's decision plainly violates our mandate, which limited the remand to adjusting the term of imprisonment. See United States v. Parker, 101 F.3d 527 (7th Cir.1996). Sometimes this court reopens an entire sentencing package, but, having held in the first appeal that even $2,160 may well have been legally excessive, and having identified for further proceedings one discrete issue in the case, we did not invite the district judge to alter that figure upward. The judge's stated reason not only ignores our mandate but also assumes a power that the court does not possess. The amount of restitution must be fixed at the time of sentencing, rather than later--for, under Fed.R.Crim.P. 35(c), seven days after sentencing the district court loses jurisdiction to modify the sentence. Moreover, imprisonment and restitution are not substitutes under the Sentencing Guidelines. Because the increase in restitution violates this court's mandate, it is not necessary to consider Kim's further argument that the change must be understood as judicial vindictiveness.
 
 
 5
 The order of restitution is reduced from $136,000 to $2,160. Because the district judge has retired from regular active service under 28 U.S.C. § 372(a), any further proceedings that prove to be necessary in this case must be conducted before a different judge. See also Circuit Rule 36.
 
 
 
 *
 This successive appeal was assigned to the panel that heard the previous appeal, see Operating Procedure 6(b), which is unanimously of opinion that oral argument is unnecessary. See Fed.R.App.P. 34(a); Cir.R. 34(f)