**Robert P. BINGHAM, et. al., Plaintiffs,**

v.

**NEWPORT NEWS SHIPBUILDING
AND DRYDOCK COMPANY,
et. al., Defendants.**

No. Civ. 4:97cv154.

United States District Court,
E.D. Virginia,
Newport News Division.

April 20, 1998.

Christopher C. North, Newport News, VA,
for Plaintiff.

Thomas J. Mitchell, Charles Newton Whitaker, Marguerite Rice Ruby, Hill B. Wellford, Jr., Hunton & Williams, Richmond, VA, Dean Clement Berry, Newport News Shipbuilding and Dry Dock Company, Newport News, VA, for Defendants.

### ORDER and OPINION

MORGAN, District Judge.

### I. Factual and Procedural History

Pending before the Court is plaintiffs' motion to remand. Plaintiffs, four engineers employed by Newport News Shipbuilding and Drydock Company ("Newport News Shipbuilding"), filed this action in the Newport News Circuit Court on November 12, 1997. On December 12, 1997, Newport News Shipbuilding timely filed for removal of the case to this Court alleging federal question jurisdiction. The other two defendants, Tenneco, Inc. ("Tenneco") and Tennessee Gas Pipeline Co. ("Tennessee Gas"), filed for removal on December 19, 1997. On January 8, 1998, the plaintiffs filed a motion to remand this case back to the Newport News Circuit Court.

In the Complaint, plaintiffs allege that Newport News Shipbuilding reclassified them from non-exempt to exempt status under the Fair Labor Standards Act ("FLSA") in 1994. They argue that they, and others similarly situated, are entitled to approximately $15,000 per year in damages for unpaid overtime.

### Standard of Review

 Statutes conferring removal jurisdiction are to be strictly construed and enforced in favor of state court jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Moreover, defendants bear the burden of establishing that removal was proper. *See Cross v. Bell Helmets,* 927 F.Supp. 209, 212 (E.D.Tex.1996); *Orndorff v. Allstate Ins. Co.,* 896 F.Supp. 173, 174–75 (M.D.Pa.1995).

### Summary of Arguments

Relying upon *Johnson v. Butler Bros.*, 162 F.2d 87 (8th Cir.1947), plaintiffs argue that remand is proper because state courts enjoy concurrent jurisdiction over FLSA cases. Plaintiffs argue that Congress amended the general removal statute in 1948, the year after *Johnson* was decided, in such a way that removal is to be discouraged. Plaintiffs argue that several cases decided after the amendments to the removal statute interpret the removal statute as restricting removal of FLSA cases. Plaintiffs argue that docket concerns and potentially trifling monetary amounts sought in FLSA cases warrant allowing state courts to retain such cases. Plaintiffs admit, however, that their view is the minority view. They argue that in the absence of Fourth Circuit guidance, this Court may properly remand the case.

Defendants respond that the primary case relied upon by plaintiffs, *Johnson*, was contrary to the holding of a Fourth Circuit district court at the time it was decided and that any persuasive force *Johnson* may have enjoyed was negated by a Congressional amendment to the removal statute in 1948. Defendants argue that the majority of jurisdictions considering the issue of FLSA removal after the 1948 amendment have concluded removal is proper.

### II. Analysis

■ The FLSA provides that an "[a]ction to recover the liability prescribed in either of the preceding sentences may be maintained ... in any federal or state court of competent jurisdiction...." 29 U.S.C. § 216(b). Plaintiff contends that the phrase "may be maintained" must be read that once initiated in state court, a case must also be concluded there. The general removal statute, however, provides in relevant part:

> Except as otherwise expressly prohibited by Act of Congress, any civil action brought in a State court of which the district courts of the United States have origi-

nal jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending....

28 U.S.C. § 1441(a).

In 1948, the Eighth Circuit in *Johnson*, 162 F.2d at 89, considered whether a FLSA case could be removed from the state court in which it commenced. The Court found that Congress "intended not only that the action might be commenced in any court of competent jurisdiction, but that it could be prosecuted to final judgment in the court in which it was commenced." *Id.* Several districts have followed the *Johnson* approach and refused to allow a defendant to remove a FLSA case to federal court. *See Pauly v. Eagle Point Software Co.*, 958 F.Supp. 437 (N.D.Iowa 1997)[1]; *Carter v. Hill & Hill Truck Line*, 259 F.Supp. 429 (S.D.Tex.1966); *Wilkins v. Renault Southwest, Inc.*, 227 F.Supp. 647 (N.D.Tex.1964).

In 1948, the year after *Johnson* was decided, Congress amended the removal statute and added the phrase "[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a). The overwhelming majority of jurisdictions considering the issue in recent years have rejected the *Johnson* approach and permitted defendants to remove FLSA cases commenced in state court because the 1948 amendment seemingly permits removal unless Congress expressly prevents removal within the text of the statute. *See, e.g., Lisai v. Chevron Stations, Inc.*, 1997 WL 694705 (N.D.Tex.1997); *Stephens v. LJ Partners*, 852 F.Supp. 597, 600 (W.D.Tex. 1994); *Winebarger v. Logan Aluminum, Inc.*, 839 F.Supp. 17, 18 (W.D.Ky.1993); *Nesbitt v. Bun Basket. Inc.*, 780 F.Supp. 1151, 1152 (W.D.Mich.1991).

The only circuit court to directly address the issue since *Johnson*, the First Circuit in *Cosme Nieves v. Deshler*, 786 F.2d 445, 451 (1st Cir.1986), rejected the *Johnson* view, citing the 1948 amendment to the statute as

---

1. *Pauly,* the only recent case to follow *Johnson,* is easily distinguishable. The Northern District of Iowa is in the Eighth Circuit, and the *Pauly* court was following Eight Circuit precedent, *Johnson.* The *Pauly* Court noted, however, that

"the majority of district courts, and the only circuit courts which have addressed the removal issue, have concluded that *Johnson* is no longer good authority in light of the 1948 amendment to § 1441(a)." *Id.* at 439.

persuasive evidence that Congress intended to allow removal in FLSA cases. The following quote from *Cosme Nieves* is instructive to our case:

> Section 1441(a) explicitly states that an express provision by Act of Congress is required to preclude the right to removal. We think the words "expressly provided" must be construed to mean exactly that.... Lacking an explicit statutory directive by Congress that the customary right to remove is abrogated in the instance of FLSA suits, we decline to prohibit their removal. The words "may be maintained" are ambiguous; at best they are suggestive. They are not an express provision barring the exercise of the right of removal. If Congress wished to give plaintiffs an absolute choice of forum, it has shown itself capable of doing so in unmistakable terms and could have done so here.

*Id.* (citations and footnotes omitted). *See also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir.1988) (noting that "[n]umerous federal statutes, for example, provide that claims arising thereunder may be maintained in any state or federal court of competent jurisdiction, and contain no limitation on removal, express or otherwise, to bar removal under section 1441(a) ... Fair Labor Standards Act, 29 U.S.C. § 216(b)").

Similarly, district courts in the Fourth Circuit considering FLSA removal have concluded that such removal is proper. In *Owens v. Greenville News–Piedmont*, 43 F.Supp. 785, 786 (W.D.S.C.1942), a decision prior to *Johnson* addressing the same statutory language that *Johnson* addressed, the court concluded that "there is no suggestion anywhere in the [FLSA] that it was intended to deny the defendant the right to remove the case from the State Court to the Federal Court." More recently, the Middle District of North Carolina thoroughly examined FLSA removal in deciding whether removal under the Age Discrimination Act was proper. *See Jacobi v. High Point Label, Inc.*, 442 F.Supp. 518 (M.D.N.C.1977). The court noted that "in view of the *Johnson* court's specific statement that Congress had failed to 'clearly and accurately' express its intent as to the re-

movability of cases arising under the FLSA, it would appear that Congress has, by the amendment of section 1441(a), expressed its clear intent to allow removal 'except as otherwise prohibited.' " *Id.* at 520. *See also Troutt v. Stavola Bros.*, 1994 WL 773148 (M.D.N.C.1994) ("Nothing in the text of the FLSA supports the contention that FLSA actions filed in state courts are nonremovable, and nothing in Section 1441(a) prevents removal of the case at bar."); *Vann v. Jackson*, 165 F.Supp. 377 (E.D.N.C.1958) (allowing removal under the FLSA).

While no District Court in this division has directly addressed the issue, this Court in *McGilvray v. Hallmark Financial Group, Inc.*, 891 F.Supp. 265, 267 (E.D.Va.1995) highlighted the issue of FLSA removal in the context of a Fair Debt Collection Practices Act case. This Court noted that:

> Even with actions under the FLSA, moreover, the modern trend is to permit defendants to remove the cases to federal court. *See Cosme Nieves v. Deshler*, 786 F.2d 445, 450–51 (1st Cir.), *cert. denied*, 479 U.S. 824, 107 S.Ct. 96, 93 L.Ed.2d 47 (1986). This is the first circuit court to address this issue since the 1948 amendments to the removal statute. It held that FLSA actions are removable to federal court, indicating that Congress has made it clear that the right of removal stands absent express provisions to the contrary. *See also generally Dorsey v. City of Detroit*, 858 F.2d 338, 341 (6th Cir.1988) ("The weight of judicial authority supports the conclusion that 'a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited.' ") (quoting 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3729, at 495 (1985)). Accordingly, because there is no statutory provision that bars removal in a case brought pursuant to the FDCPA, defendant Checkcare properly removed the case to this court.

*Id.* at 267.

■ The Court **FINDS** that both a plain reading of the text and applicable precedent support allowing removal. In a number of statutes where Congress intended to prevent

removal of cases filed in state court, the statute specifically prevents removal. *See, e.g.,* Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (certain actions against railroads arising under workmen's compensation laws); Jones Act, 46 U.S.C.App. § 688; Securities Act of 1933, 15 U.S.C. § 77v(a). The FLSA, however, contains no similar provision. Because Congress failed to insert such a non-removal provision into the FLSA, a close reading of § 1441(a) mandates a finding that cases arising under the FLSA are removable to federal court if commenced in state court. *See* § 1441(a). Accordingly, the Court **DENIES** the plaintiff's motion to remand.

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

It is so **ORDERED.**